UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CARLOS ESCOBAR MEJIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY ARCHAMBEAULT, et al., <br><br> Defendants. | Case No. 20-cv-2454-MMA (KSC) <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> [Doc. No. 13] |

  Plaintiffs The Estate of Carlos Escobar Mejia, Rosa Escobar, Maribel Escobar, and Juan Antonio Escobar (collectively, "Plaintiffs") move for leave to file a first amended complaint.  *See* Doc. No. 13.  The motion is unopposed.  *See* Doc. No. 13-1 at 2.[1]

  Federal Rule of Civil Procedure 15 governs amendment of pleadings.  If a party cannot amend a pleading as a matter of course, the party seeking amendment "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule reflects an underlying policy that disputes should be determined on their merits

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

and not on the technicalities of pleading rules. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (first citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); and then citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

However, courts may consider several factors in deciding whether to grant a motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes*, 375 F.3d at 808 (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Ascon Props.*, 866 F.2d at 1160 (citing *DCD Programs, Ltd.*, 833 F.2d at 186); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Plaintiffs seek to amend their Complaint to narrow areas of dispute, to delete two Defendants from the fifth cause of action, and to add allegations to the sixth cause of action. *See* Doc. No. 13-1 at 2–3. The Court does not find evidence of bad faith, undue delay, or prejudice to Defendants. Further, Plaintiffs have not previously amended their Complaint, none of the Defendants have filed an answer, and Plaintiffs' motion is unopposed. *See id.* at 2. Thus, the Court gives Plaintiffs leave to file a first amended complaint.

/ / /
/ / /
/ / /
/ / /

    Accordingly, the Court **GRANTS** Plaintiffs' motion for leave to file a first amended complaint. The Court **ORDERS** Plaintiffs to file their first amended complaint on or before **April 15, 2021**. The Court **VACATES** the hearing on this motion previously set for April 19, 2021 at 2:30 P.M.

    **IT IS SO ORDERED**.

Dated: April 8, 2021

*/s/ Michael M. Anello*
HON. MICHAEL M. ANELLO
United States District Judge