Dana M. Keene, CA Bar #324993
Daniel P. Struck, AZ Bar #012377
(*admitted pro hac vice*)
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dkeene@strucklove.com
dstruck@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendants CoreCivic of Tennessee
LLC, Christopher LaRose, and Joseph Roemmich

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Estate of Carlos Escobar Mejia by and through its successor in interest Rosa Escobar, Rosa Escobar, Maribel Escobar and Juan Antonio Escobar as individuals, <br><br> Plaintiffs, <br><br> v. <br><br> United States of America; Gregory Archambeault; James Dobson; CoreCivic of Tennessee LLC; Christopher LaRose; Joseph Roemmich; Does 1 Through 50, Inclusive, And Roes 1 through 50, Inclusive, <br><br> Defendants. | No. 20-cv-2454-L-KSC <br><br> **CORECIVIC DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT (DKT. 29)** <br><br> **JURY TRIAL DEMANDED** |

Defendants CoreCivic, Christopher LaRose, and Joseph Roemmich (collectively, "CoreCivic Defendants") file their Answer to Plaintiffs' Second Amended Complaint (Dkt. 29).  The CoreCivic Defendants admit, deny, and allege

Case No. 20-cv-2454-L-KSC

the following as set forth below.  Any and all allegations not expressly admitted are denied.  The CoreCivic Defendants retain the right and opportunity to amend and supplement this Answer as discovery progresses in this case.

# I.
# INTRODUCTION

In answering Section I, Paragraph of Plaintiffs' Second Amended Complaint, this paragraph is a narrative "Introduction" to the lawsuit and contains advocacy argument interspersed with factual allegations and legal conclusions.  To the extent an answer to such is required, Defendants admit only that the decedent died while hospitalized for COVID-19 related illness on or about May 6, 2020; prior to hospitalization he was detained at CoreCivic's Otay Mesa Detention Center ("OMDC"); and tested positive for COVID-19. Defendants deny that they provided medical care to detainees at OMDC during the relevant time period as all medical services were provided by ICE Health Services Corps ("IHSC").  The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death. The CoreCivic Defendants also deny that OMDC's COVID-19 response operations caused or contributed to the decedent's death or that they failed to meet any ICE requirements related to COVID-19 response operations or any other relevant operational requirement.

# II.
# GENERAL ALLEGATIONS

1.  In answering Section II, Paragraph 1 of Plaintiff's Second Amended Complaint, the CoreCivic Defendants admit that this Court has jurisdiction over Plaintiffs' federal claims asserted against the United States pursuant to 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

CoreCivic Defendants' Answer to                    2                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

2.      In answering Section II, Paragraph 2 of Plaintiff's Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.  To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore denies it.

3.      In answering Section II, Paragraph 3 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that venue is proper in the Southern District of California.

### III.
### PARTIES

4.      Section III, Paragraph 4 of Plaintiffs' Second Amended Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

5.      In answering Section III, Paragraph 5 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that the decedent died in San Diego County, that Rosa Escobar brings this action on behalf of the Estate of Carlos-Escobar-Mejia, and that Maribel Escobar, Rosa Escobar, and Juan Antonio Escobar bring suit as individuals. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

6.      In answering Section III, Paragraph 6 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

7.      In answering Section III, Paragraph 7 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny

CoreCivic Defendants' Answer to                    3                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

them.

8.      In answering Section III, Paragraph 8 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

9.      In answering Section III, Paragraph 9 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

10.      In answering Section III, Paragraph 10 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and call for legal conclusions and therefore no response is required.  To the extent a response is required, the CoreCivic Defendants deny them.

11.      In answering Section III, Paragraph 11 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that CoreCivic is a Maryland corporation with a principal place of business in Nashville, Tennessee.  The CoreCivic Defendants also admit that as part of its business operations, it owns, operates, or owns and operates detention and correctional facilities in many states and contracts with local, state, and federal partners to provide detention and correctional services.

12.      In answering Section III, Paragraph 12 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that CoreCivic owned and operated OMDC, located in San Diego County, California.

13.      The CoreCivic Defendants admit Section III, Paragraph 13.

14.      The CoreCivic Defendants admit Section III, Paragraph 14, insofar that Defendant Roemmich served as one of two Assistant Wardens at OMDC during the relevant time period.

15.      In answering Section III, Paragraph 15 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–

CoreCivic Defendants' Answer to                4                Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

12) and therefore no response is required with respect to Doe Defendants. To the extent a response is required, the CoreCivic Defendants deny the allegations.

16. In answering Section III, Paragraph 16 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants. To the extent a response is required, the CoreCivic Defendants deny the allegations.

17. In answering Section III, Paragraph 17 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants. To the extent a response is required, the CoreCivic Defendants deny the allegations.

18. In answering Section III, Paragraph 18 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

19. In answering Section III, Paragraph 19 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

20. In answering Section III, Paragraph 20 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

21. In answering Section III, Paragraph 21 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. The CoreCivic Defendants affirmatively assert that IHSC operated OMDC's medical unit during the relevant timeframe and provided all healthcare services for OMDC detainees. The CoreCivic Defendants were not involved in the operation of OMDC's medical unit, and did not employ, contract, supervise, and/or train any of the medical personnel who worked there. The CoreCivic Defendants did not provide healthcare to detainees at OMDC during the relevant timeframe.

22.   In answering Section III, Paragraph 22 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

23.   In answering Section III, Paragraph 23 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

24.   In answering Section III, Paragraph 24 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

25.   In answering Section III, Paragraph 25 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

26.   In answering Section III, Paragraph 26 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The remaining allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

27.   In answering Section III, Paragraph 27 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The remaining allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

**IV.**
**FACTS**

28.   Section IV, Paragraph 28 of Plaintiffs' Second Amended Complaint is an incorporation paragraph to which no response is required.  To the extent a

CoreCivic Defendants' Answer to                6                Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

response is required, the CoreCivic Defendants deny it.

29. The CoreCivic Defendants admit Section IV, Paragraph 29.

30. In answering Section IV, Paragraph 30 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

31. In answering Section IV, Paragraph 31 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

32. The CoreCivic Defendants admit Section IV, Paragraph 32.

33. In answering Section IV, Paragraph 33 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

34. In answering Section IV, Paragraph 34 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

35. In answering Section IV, Paragraph 35 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

36. In answering Section IV, Paragraph 36 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

37. In answering Section IV, Paragraph 37 of Plaintiffs' Second Amended

Complaint, the CoreCivic Defendants admit only that the decedent was detained at OMDC from approximately January 10, 2020 to the date he was transported offsite to a hospital on April 24, 2020. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

38. In answering Section IV, Paragraph 38 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

39. In answering Section IV, Paragraph 39 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that the decedent was detained at OMDC from approximately January 10, 2020 to the date he was transported offsite to a hospital on April 24, 2020. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

40. In answering Section IV, Paragraph 40 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them. Answering further, CoreCivic did not operate and/or oversee OMDC's medical unit. It did not employ, contract, supervise and/or train medical personnel at OMDC during this timeframe. CoreCivic employees also did not have access to detainee medical records. As non-medical providers, CoreCivic employees did not determine which detainees were vulnerable to serious illness

41. In answering Section IV, Paragraph 41 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

42. In answering Section IV, Paragraph 42 of Plaintiffs' Second Amended

CoreCivic Defendants' Answer to                    8                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

Complaint, the CoreCivic Defendants affirmatively assert that CoreCivic owns and/or operates correctional and detention facilities, including OMDC. OMDC houses a population of ICE detainees pursuant to a detention services contract between CoreCivic and ICE. The United States Marshals Service ("USMS") is an authorized user under that contract. The CoreCivic Defendants deny all allegations not expressly admitted.

43.    In answering Section IV, Paragraph 43 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that OMDC houses a population of ICE detainees pursuant to a detention services contract between CoreCivic and ICE. OMDC is owned and operated by CoreCivic, and is located in San Diego, California. The CoreCivic Defendants deny all allegations not expressly admitted.

44.    In answering Section IV, Paragraph 44 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations as it is unclear what time period Plaintiffs are referencing. CoreCivic Defendants affirmatively assert that OMDC has a design capacity of 1,970 detainees and population levels vary depending on need for use by ICE and USMS.

45.    In answering Section IV, Paragraph 45 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert on April 26, 2020, there were approximately 662 ICE detainees housed at OMDC. This total dropped to approximately 489 ICE detainees by May 22, 2020. The CoreCivic Defendants specifically deny any inference that they negligently and/or purposefully left hundreds of unused beds available. To the contrary, space was left open for specific quarantine and/or cohorting purposes and to address staffing needs. It is also specifically denied that detainees could not practice social distancing in their assigned housing units.

46.    In answering Section IV, Paragraph 46 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than

CoreCivic Defendants' Answer to          9          Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

the CoreCivic Defendants and therefore no response is required.

47. In answering Section IV, Paragraph 47 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.

48. In answering Section IV, Paragraph 48 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent this Paragraph contains allegations against the CoreCivic Defendants, these allegations are denied including all allegations that the CoreCivic Defendants created a "hothouse" for COVID transmission, were deliberately indifferent or acted with negligence to the safety and health of detainees assigned to OMDC, or took no COVID-19 response or mitigation efforts until after the decedent died.

49. Paragraph 49 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

50. Paragraph 50 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

51. Paragraph 51 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

52. Paragraph 52 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

53. Paragraph 53 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

54. Paragraph 54 calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

55. In answering Section IV, Paragraph 55 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.) To the extent a response is required, the CoreCivic Defendants deny

CoreCivic Defendants' Answer to                    10                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

the allegations contained in this Paragraph.

56.   In answering Section IV, Paragraph 56 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny all allegations contained in this Paragraph.

57.   In answering Section IV, Paragraph 57 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny all allegations contained in this Paragraph.

58.   In answering Section IV, Paragraph 58 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny all allegations contained in this Paragraph.

59.   In answering Section IV, Paragraph 59 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that detainees could choose to participate in OMDC's Voluntary Work Program and could be assigned to job details that included cleaning common areas in housing units which they were paid. Detainees are responsible for the cleanliness of their personal living spaces, i.e., their cells, and for cleaning up after themselves in common areas. CoreCivic staff also were responsible for cleaning certain areas of the facility.  It is denied that detainees were not trained how to clean properly.  It is also denied that sinks and showers in common areas were not disinfected between use.  The CoreCivic Defendants allege further that all detainees had access to cleaning supplies in their pods and could disinfect common areas or their personal living spaces at any time prior to use.  It is unclear which cleaning product Plaintiffs are referring to and

CoreCivic Defendants' Answer to                    11                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

therefore the CoreCivic Defendants cannot adequately respond to Plaintiffs' allegations regarding its efficacy.

60. In answering Section IV, Paragraph 60 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

61. In answering Section IV, Paragraph 61 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

62. In answering Section IV, Paragraph 62 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

63. In answering Section IV, Paragraph 63 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

64. In answering Section IV, Paragraph 64 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit the allegations.

65. In answering Section IV, Paragraph 65 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that COVID-19 is transmissible, can cause serious illness and/or death in certain individuals, and that some persons infected with COVID-19 may be asymptomatic. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

66. In answering Section IV, Paragraph 66 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that during the relevant timeframe there was no known cure for COVID-19, and affirmatively assert that vaccinations had not yet been developed and were not available. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

67. In answering Section IV, Paragraph 67 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that COVID-19 is transmissible. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

68. In answering Section IV, Paragraph 68 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that certain groups of individuals, including those with specific underlying medical conditions, may be at higher risk of contracting serious illness due to COVID-19. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

69. In answering Section IV, Paragraph 69 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

70. In answering Section IV, Paragraph 70 of Plaintiffs' Second Amended Complaint, this paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

71. In answering Section IV, Paragraph 71 of Plaintiffs' Second Amended

Complaint, the CoreCivic Defendants deny all allegations.

72.     In answering Section IV, Paragraph 72 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives.  The CoreCivic Defendants did not negligently or deliberately cause the decedent or any OMDC detainee to become infected with COVID-19 or negligently or deliberately cause the decedent's death. All remaining allegations not expressly admitted by the CoreCivic Defendants are denied.

73.     In answering Section IV, Paragraph 73 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as Plaintiffs have failed to provide citations for the statistics they reference.

74.     In answering Section IV, Paragraph 74 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as no dates are specified by Plaintiffs. The CoreCivic Defendants admit that in general, certain governmental entities subscribed to "shelter in place" and social distancing mitigation recommendations.

75.     In answering Section IV, Paragraph 75 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as Plaintiffs failed to provide citations for the allegations made.  The CoreCivic Defendants affirmatively assert that OMDC is not located in the City and County of San Francisco or "five other Bay Area counties" and so any alleged "shelter in place" orders or social distancing mandates were not applicable to OMDC or OMDC staff.

76.     In answering Section IV, Paragraph 76 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that Governor Gavin Newsom issued a stay at home order to protect the health and well-being of all Californians and to establish consistency across the state in order to slow the spread of COVID-19.

77.     In answering Section IV, Paragraph 77 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives.   The CoreCivic Defendants did not negligently or deliberately cause the decedent to become infected with COVID-19 or negligently or deliberately cause the decedent's death.   All remaining allegations not expressly admitted by the CoreCivic Defendants are denied.

78.     In answering Section IV, Paragraph 78 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay and lack of foundation to which no response is required.   To the extent a response is required, the CoreCivic Defendants deny the allegations and affirmatively assert that the alleged statement is without foundation. The CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives.   The CoreCivic Defendants did not negligently cause the decedent to become infected with COVID-19 or negligently cause the decedent's death.   The CoreCivic Defendants further affirmatively allege that the community, the United States, and countries around the world were not able to prevent COVID-19 transmission.

79.     In answering Section IV, Paragraph 29 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph contain and/or are based on

inadmissible hearsay to which no response is required.  To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as the website citation referred to by Plaintiffs only provides statistics generated by ICE as of the current date, not the specified dates in 2020 referred to by Plaintiffs.  The CoreCivic Defendants also affirmatively assert that they were not privy to information related to COVID-19 status of ICE employees.

80.    In answering Section IV, Paragraph 80 of Plaintiffs' Second Amended Complaint, this Paragraph is so vague and conclusory that the CoreCivic Defendants cannot adequately respond to it, and no response is being provided. The CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives. The CoreCivic Defendants affirmatively assert that they did not negligently or deliberately cause the decedent to become infected with COVID-19, and did not negligently or deliberately cause the decedent's death.

81.    In answering Section IV, Paragraph 81 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

82.    In answering Section IV, Paragraph 82 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

83.    In answering Section IV, Paragraph 83 of Plaintiffs' Second Amended Complaint, CoreCivic never represented that it provided face masks or gloves to its entire staff at OMDC.  In March 2020, gloves were readily available for staff use in the normal course and scope of their duties. OMDC staff were also permitted to wear face masks if they chose to, but were not required to do so.  This practice was consistent with CDC guidelines. Initially, the CDC did not recommend that individuals who were well wear face masks to protect themselves or others from

CoreCivic Defendants' Answer to                    16                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

exposure to COVID-19. As guidance from the CDC changed in this regard, so did OMDC operations. By the third week of March 2020, use of masks by staff working in protective cohort or quarantine pods was required. As of April 15, 2020, consistent with CDC guidelines and during the relevant time period, OMDC staff were required to wear masks while on duty. Masks were provided to OMDC detainees staring on April 10, 2020.

84.     In answering Section IV, Paragraph 84 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations as no time period is provided. The CoreCivic Defendants deny any allegations that masks were not authorized to prevent "caus[ing] CoreCivic to go over budget." The CoreCivic Defendants affirmatively allege that in March 2020, gloves were readily available for staff use in the normal course and scope of their duties. OMDC staff were also permitted to wear face masks if they chose to, but were not required to do so. This practice was consistent with CDC guidelines. Initially, the CDC did not recommend that individuals who were well wear face masks to protect themselves or others from exposure to COVID-19. As guidance from the CDC changed in this regard, so did OMDC operations. By the third week of March 2020, use of masks by staff working in protective cohort or quarantine pods was required. As of April 15, 2020, consistent with CDC guidelines and during the relevant time period, OMDC staff were required to wear masks while on duty. Masks were provided to OMDC detainees staring on April 10, 2020.

85.     In answering Section IV, Paragraph 85 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that they discouraged CoreCivic employees from wearing masks during this timeframe. Beginning in mid-April 2020, all staff were required to wear masks at OMDC prior to gaining admittance into the facility. The CoreCivic Defendants are without sufficient information to

form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

86.    In answering Section IV, Paragraph 86 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

87.    In answering Section IV, Paragraph 87 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that during the relevant time period, detainees participating in the Voluntary Work Program as pod porters cleaned and disinfected the housing unit dayroom areas and communal restrooms throughout the day with HDQ Neutral disinfectant.  Showers as well as high use hard surfaces such as tables, door handles, telephones, and kiosks were disinfected on an hourly basis and detainees had access to cleaning supplies to additional clean areas if they wanted to on their own. The CoreCivic Defendants additionally affirmatively assert that during the relevant time period, the communal dining hall was not used and detainees were fed on-site in their housing units to prevent transmission of COVID-19 and intermixing of detainees from different housing locations; likewise the detainee Voluntary Work Program for kitchen and laundry workers ceased and such operations were taken over by staff to prevent transmission of COVID-19, intermixing of detainees from different housing locations, and to restrict all non-medical/non-essential movement of detainees from the assigned housing locations.

88.    In answering Section IV, Paragraph 88 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

89.    In answering Section IV, Paragraph 89 of Plaintiff's First Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that as of mid-April 2020, employee time clocks were adjusted so that employees were no longer required to use their finger prints to gain entry to the facility or to clock in or clock out for their shifts.

90.    In answering Section IV, Paragraph 90 of Plaintiffs' Second Amended

Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants further affirmatively assert that as of mid-April 2020, employee time clocks were adjusted so that employees were no longer required to use their finger prints to gain entry to the facility or to clock in or clock out for their shifts.

91. In answering Section IV, Paragraph 91 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

92. In answering Section IV, Paragraph 92 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

93. In answering Section IV, Paragraph 93 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

94. In answering Section IV, Paragraph 94 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

95. In answering Section IV, Paragraph 95 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

96. In answering Section IV, Paragraph 96 of Plaintiffs' Second Amended Complaint, the allegations contained in this paragraph are so vague and conclusory that the CoreCivic Defendants cannot adequately respond to it. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

97. In answering Section IV, Paragraph 97 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

98. In answering Section IV, Paragraph 98 of Plaintiffs' Second Amended Complaint, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants. To the extent a response is required, the CoreCivic Defendants deny the allegations. The

CoreCivic Defendants' Answer to                    19                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

99. In answering Section IV, Paragraph 99 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

100. In answering Section IV, Paragraph 87 of Plaintiff's First Amended Complaint, the CoreCivic Defendants deny the allegations.

101. In answering Section IV, Paragraph 101 of Plaintiffs' Second Amended Complaint, the allegations contained in this Paragraph are so vague and conclusory that the CoreCivic Defendants cannot adequately respond to them. To the extent a response is required, it is unclear what alleged detainees reported that rags were dirty and that the same towels could not be used on multiple surfaces, and therefore all allegations in this paragraph are denied. The CoreCivic Defendants affirmatively assert that detainees were provided with proper cleaning supplies, including rags, paper towels, and disinfectant chemicals.

102. In answering Section IV, Paragraph 102 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

103. In answering Section IV, Paragraph 103 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny these allegations. The CoreCivic Defendants affirmatively allege that as of April 26, 2020, the facility was operating at less than 50% capacity and that detainees could easily maintain physical distance. As to the distance of bunks that are affixed to the ground and not moveable, reasonable efforts were made to reduce cell occupation and detainees were permitted and encouraged to sleep head to feet opposite of other detainees to create appropriate social distance while sleeping.

104. In answering Section IV, Paragraph 104 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

105. In answering Section IV, Paragraph 105 of Plaintiffs' Second

CoreCivic Defendants' Answer to                    20                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

Amended Complaint, the CoreCivic Defendants deny the allegations.

106. In answering Section IV, Paragraph 106 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

107. In answering Section IV, Paragraph 107 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

108. In answering Section IV, Paragraph 108 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that the first CoreCivic employee assigned to OMDC tested positive for COVID-19 on March 30, 2020.

109. In answering Section IV, Paragraph 109 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that the first CoreCivic employee assigned to OMDC tested positive for COVID-19 on March 30, 2020.

110. In answering Section IV, Paragraph 110 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore, deny same. The CoreCivic Defendants deny any and all allegations contained in unidentified reports, news stories, or media outlet postings.

111. In answering Section IV, Paragraph 111 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the hearsay allegations offered by a staff member as asserted in this Paragraph and therefore deny them.

112. In answering Section IV, Paragraph 112 of Plaintiffs' Second Amended Complaint. the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that some detainees threatened to go on a hunger strike, but ultimately accepted their meals, and no hunger strike was carried out.

113. In answering Section IV, Paragraph 113 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and

therefore deny them.

114. In answering Section IV, Paragraph 101 of Plaintiff's First Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants affirmatively assert that some detainees threatened to go on a hunger strike, but ultimately accepted their meals, and no hunger strike was carried out.

115. In answering Section IV, Paragraph 115 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

116. In answering Section IV, Paragraph 116 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

117. In answering Section IV, Paragraph 117 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

118. In answering Section IV, Paragraph 118 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that on April 10, 2020, which is the first date that masks were provided to detainees, detainees were provided a waiver that advised that CoreCivic could not guarantee that wearing a mask would ensure the detainees did not contract COVID. The CoreCivic Defendants deny that the waiver was a contract, and the waiver was discontinued after April 10, 2020. The CoreCivic Defendants are without sufficient information to form a belief as to the remaining allegations and therefore deny them.

119. In answering Section IV, Paragraph 119 of Plaintiffs' Second

Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the remaining allegations and therefore deny them.

120. In answering Section IV, Paragraph 120 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

121. In answering Section IV, Paragraph 121 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

122. In answering Section IV, Paragraph 122 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

123. In answering Section IV, Paragraph 123 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are not medical providers and did not provide medical care to detainees at OMDC during the relevant timeframe. As non-medical personnel, the CoreCivic Defendants could not medically assess and/or diagnose him, nor could they have unilaterally transported him to a hospital without first obtaining authorization from qualified medical personnel. The remaining causation allegations improperly call for expert opinion and are therefore denied.

124. In answering Section IV, Paragraph 124 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

125. In answering Section IV, Paragraph 125 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none

is provided.

126. In answering Section IV, Paragraph 126 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

127. In answering Section IV, Paragraph 127 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that IHSC was responsible for contracting, staffing, and oversight of any medical and mental health services at OMDC during the relevant timeframe. The CoreCivic Defendants affirmatively assert that IHSC provided healthcare to all detainees at OMDC during the relevant timeframe.

128. In answering Section IV, Paragraph 115 of Plaintiff's First Amended Complaint, there were numerous agreements and addendums entered into between ICE and CoreCivic regarding the provision of services at OMDC and it is unclear what specifically Plaintiffs are referencing, which precludes the CoreCivic Defendants from specifically responding to this Paragraph. The CoreCivic Defendants affirmatively assert that CoreCivic had a duty to provide detainees with reasonable access to medical care at OMDC during the relevant timeframe.

129. In answering Section IV, Paragraph 129 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that they had a duty to provide proper medical care and "necessary facilitation of care" to the decedent where IHSC provided healthcare services at the facility. The CoreCivic Defendants affirmatively assert that they had a duty to provide detainees with reasonable access to healthcare at OMDC, and that at no time did the CoreCivic Defendants, or any CoreCivic employee, breach this duty to the decedent.

130. In answering Section IV, Paragraph 130 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the

CoreCivic Defendants' Answer to                      24                      Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

extent a response is required, the CoreCivic Defendants deny them.

131. In answering Section IV, Paragraph 131 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants deny that detainees were only fed bologna and crackers for every meal and that "virtually all kitchen staff preparing the food were eventually stricken with the virus."

132. In answering Section IV, Paragraph 132 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

133. In answering Section IV, Paragraph 133 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations that the decedent was not provided with medical care. They also deny any and all allegations that the decedent suffered economic losses, including expenditures for commissary items and telephone calls, as a result of the CoreCivic Defendants' conduct. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

134. In answering Section IV, Paragraph 134 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

135. In answering Section IV, Paragraph 135 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

136. In answering Section IV, Paragraph 136 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit only that the decedent was transported offsite to a hospital on April 24, 2020. The CoreCivic Defendants deny all remaining allegations.

137. In answering Section IV, Paragraph 137 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants

deny them.

138. In answering Section IV, Paragraph 138 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants admit only that IHSC had designated the decedent as medically vulnerable to serious COVID-19 related illness. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

139. In answering Section IV, Paragraph 139 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

140. The CoreCivic Defendants admit Section IV, Paragraph 140.

141. In answering Section IV, Paragraph 141 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

142. In answering Section IV, Paragraph 142 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph where Plaintiffs fail to cite the date or statements alleged and therefore deny them.

143. In answering Section IV, Paragraph 143 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants affirmatively assert that where

ICE had legal custody of the decedent, CoreCivic Defendants were not tasked with nor was it appropriate for them to contact the decedent's family after the decedent's death.

144. In answering Section IV, Paragraph 144 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph as no citation for the quoted language is provided and therefore deny them.

145. In answering Section IV, Paragraph 145 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph where no date for the purported letter by a Senator was cited and therefore deny them.

146. In answering Section IV, Paragraph 146 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

147. In answering Section IV, Paragraph 147 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

148. In answering Section IV, Paragraph 148 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants specifically deny that inadequate precautions were implemented at OMDC, or that they placed individual lives at risk because they tested positive for COVID-19.

149. In answering Section IV, Paragraph 149 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny them. It is specifically denied that the CoreCivic Defendants deliberately delayed and/or refused to provide any detainee at OMDC, including the decedent, with reasonable conditions of confinement and/or access to medical care, or that they caused 111 detainees at OMDC to become infected with COVID-19.

150. In answering Section IV, Paragraph 150 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny that they had inadequate masks to provide the detainee population and staff. Defendants admit that for legitimate safety and security reasons, donations of face masks from the community were not accepted and were not needed.

151. The CoreCivic Defendants admit Section IV, Paragraph 151.

152. In answering Section IV, Paragraph 152 of Plaintiffs' Second Amended Complaint, to the extent this Paragraph references ICE's COVID-19 Pandemic Response Requirements ("PRR"), the PRR speaks for itself.

153. In answering Section IV, Paragraph 153 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that the PPR applied to OMDC.

154. In answering Section IV, Paragraph 154 of Plaintiffs' Second Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required. The CoreCivic Defendants admit only that the number of ICE detainees who tested positive for COVID-19 (or are suspected as COVID positive and therefore provided with a rapid test) were reported to ERO the same date and that detainee COVID-19 -positive information was provided to the county health department. The CoreCivic Defendants deny that reporting requirements were "immediate" or that they were required to report this information the instant results were received.

155. In answering Section IV, Paragraph 155 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the same as IHSC, not CoreCivic, provided healthcare services during the relevant time period to include assessments to determine if detainees were considered "vulnerable" to COVID-19 related serious illness. The CoreCivic Defendants were not in possession, custody, or control the decedent's medical records or medical history.

156. In answering Section IV, Paragraph 156 of Plaintiffs' Second

CoreCivic Defendants' Answer to                    28                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

Amended Complaint, the CoreCivic Defendants admit only that it was evident upon visual observation that the decedent had incurred a partial limb amputation. The CoreCivic Defendants deny any reporting duties alleged in this Paragraph as IHSC, not CoreCivic, provided healthcare services during the relevant time period to include assessments to determine if detainees were considered "vulnerable" to COVID-19 related serious illness. The CoreCivic Defendants were not in possession, custody, or control the decedent's medical records or medical history.

157. In answering Section IV, Paragraph 157 of Plaintiffs' Second Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required. The CoreCivic Defendants deny that they were involved in any reviews by ERO as to continued deportation determinations.

158. In answering Section IV, Paragraph 158 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations and deny all allegations of reporting duties as the CoreCivic Defendants deny that they were involved in any reviews by ERO as to continued deportation determinations.

159. In answering Section IV, Paragraph 159 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny them.

160. In answering Section IV, Paragraph 160 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny them.

161. In answering Section IV, Paragraph 161 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants admit that as of April 10, 2020, they provided hygiene supplies, PPE, and masks as appropriate, for staff and detainees. The CoreCivic Defendants deny that they were required to require ICE

detainees to wear face masks at all times insofar as the requirement was enforced by physical force, discipline, or any form of punishment. Rather, detainees were encouraged to wear face masks while in their living units. Detainees who left their living units of the facility were indeed required to wear face masks.

162. In answering Section IV, Paragraph 162 of Plaintiffs' Second Amended Complaint, this Paragraph appears to contain an excerpt from the PRR. The PRR speaks for itself, and no response is required.

163. In answering Section IV, Paragraph 163 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

164. The CoreCivic Defendants admit Section IV, Paragraph 164.

165. In answering Section IV, Paragraph 165 of Plaintiffs' Second Amended Complaint, the September 14, 2021 Department of Homeland Security Office of Inspector General ("DHS OIG") Report speaks for itself. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that the September 14, 2021 DHS OIG Report was based on a remote inspection conducted between February 2021 and April 2021, and are thus irrelevant to the timeframe at issue in Plaintiffs' Second Amended Complaint. The CoreCivic Defendants further assert that most of the substantive findings in the referenced Report in no way relate to and/or impact the claims or allegations in this case.

166. In answering Section IV, Paragraph 166 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

167. In answering Section IV, Paragraph 167 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

168. In answering Section IV, Paragraph 168 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its

response to Paragraph 165, above.

169. In answering Section IV, Paragraph 169 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

170. In answering Section IV, Paragraph 170 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

171. In answering Section IV, Paragraph 171 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

172. In answering Section IV, Paragraph 172 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

173. In answering Section IV, Paragraph 173 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

174. In answering Section IV, Paragraph 174 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

175. In answering Section IV, Paragraph 175 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

176. In answering Section IV, Paragraph 176 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

177. In answering Section IV, Paragraph 177 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

178. In answering Section IV, Paragraph 178 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

179. In answering Section IV, Paragraph 179 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 165, above.

180. In answering Section IV, Paragraph 180 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

181. In answering Section IV, Paragraph 181 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that OMDC was understaffed, purposefully understaffed to save money, and that it was difficult for officers to monitor units or escort detainees to the medical unit. Moreover, the CoreCivic Defendants deny that the testimony referred to is relevant to either the time period at issue or the allegations in the Second Amended Complaint, having preceded the COVID-19 pandemic and the time period at issue by years. In addition, it is believed these allegations were copied directly from a lawsuit filed against the United States of America and CoreCivic. *See Estate of Gerardo Cruz-Sanchez, et al. v. United States of America, et al.*, No. 17-CV-569-AJB-NLS (S.D. Cal. 2017). In addition to the claims dismissed at summary judgment, CoreCivic obtained a defense verdict on all claims asserted against it at trial. There is thus no merit to the allegations asserted in this Paragraph, and the CoreCivic Defendants deny them to the extent they infer any potential liability.

182. In answering Section IV, Paragraph 182 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that OMDC was understaffed,

CoreCivic Defendants' Answer to          32          Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

purposefully understaffed to save money, and that it was difficult for officers to monitor units or escort detainees to the medical unit.  Moreover, the CoreCivic Defendants deny that the testimony referred to is relevant to either the time period at issue or the allegations in the Second Amended Complaint, having preceded the COVID-19 pandemic and the time period at issue by years.  In addition, it is believed these allegations were copied directly from a lawsuit filed against the United States of America and CoreCivic.  *See Estate of Gerardo Cruz-Sanchez, et al. v. United States of America, et al.*, No. 17-CV-569-AJB-NLS (S.D. Cal. 2017).  In addition to the claims dismissed at summary judgment, CoreCivic obtained a defense verdict on all claims asserted against it at trial.  There is thus no merit to the allegations asserted in this Paragraph, and the CoreCivic Defendants deny them to the extent they infer any potential liability.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
### (By the Estate Against UNITED STATES, ARCHAMBEAULT, DOBSON, CORECIVIC, LAROSE, ROEMMICH, DOES 1-7 and ROES 1-10)

183.   Count I, Paragraph 183 is an incorporation paragraph to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

184.   In answering Count I, Paragraph 184 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it. The CoreCivic Defendants affirmatively assert that they had a duty to act with reasonable care given the circumstances.  At no time did they breach this duty to the decedent.

185.   In answering Count I, Paragraph 185 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

The CoreCivic Defendants affirmatively assert that they did not have a duty to ensure the decedent was provided with adequate medical treatment where healthcare services were provided by IHSC, not CoreCivic.

186. In answering Count I, Paragraph 186 of Plaintiffs' Second Amended Complaint, the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10). To the extent a response is required, the CoreCivic Defendants deny the allegations.

187. In answering Count I, Paragraph 187 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied that the CoreCivic Defendants breached any duty to the decedent. The CoreCivic Defendants affirmatively assert OMDC complied with the applicable  mandates set forth the PRR.

188. In answering Count I, Paragraph 188 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied that the CoreCivic Defendants breached any duty to the decedent. The CoreCivic Defendants affirmatively assert that detainees at OMDC were housed in reasonable and sanitary conditions.

189. In answering Count I, Paragraph 189 of Plaintiffs' Second Amended Complaint, this Paragraph contains allegations regarding a detainee death at OMDC that are entirely irrelevant to the claims at issue in this case. In addition, it is believed these allegations were copied directly from a lawsuit filed against the United States of America and CoreCivic. *See Estate of Gerardo Cruz-Sanchez, et al. v. United States of America, et al.*, No. 17-CV-569-AJB-NLS (S.D. Cal. 2017). In addition to the claims dismissed at summary judgment, CoreCivic obtained a defense verdict on all claims asserted against it at trial. There is thus no merit to the allegations asserted in this Paragraph, and the CoreCivic Defendants deny them to

the extent they infer any potential liability.

190. In answering Count I, Paragraph 190 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 189, above.

191. In answering Count I, Paragraph 191 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and no response is required with respect to Doe Defendants and none is provided.

192. In answering Count I, Paragraph 192 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

193. In answering Count I, Paragraph 193 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

194. In answering Count I, Paragraph 194 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

195. In answering Count I, Paragraph 195 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

196. In answering Count I, Paragraph 196 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than

the CoreCivic Defendants and therefore no response is required and none is provided.

197.   In answering Count I, Paragraph 197 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.  This Paragraph also contains an excerpt from the National Detention Standards, which speaks for itself.

198.   In answering Count I, Paragraph 198 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

199.   In answering Count I, Paragraph 199 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent this Paragraph is directed towards the CoreCivic Defendants, the CoreCivic Defendants deny that they had any duty or obligation to train or supervise IHSC nursing and/or medical staff. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death.

200.   In answering Count I, Paragraph 200 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.   The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death.

201.   In answering Count I, Paragraph 201 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death.

202.   In answering Count I, Paragraph 202 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny that Plaintiffs are entitled to punitive damages.

CoreCivic Defendants' Answer to                    36                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

## SECOND CAUSE OF ACTION
### WRONGFUL DEATH (CCP 377.60)
**(By Plaintiffs Rosa Escobar, Maribel Escobar and Juan Escobar Against UNITED STATES, ARCHAMBEAULT, DOBSON, CORECIVIC, LAROSE, ROEMMICH, DOES 1-7, and ROES 1-10)**

203.   Count II, Paragraph 203 is an incorporation paragraph to which no response is required.   To the extent a response is required, the CoreCivic Defendants deny it.

204.   In answering Count II, Paragraph 204 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

205.   In answering Count II, Paragraph 205 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

206.   In answering Count II, Paragraph 206 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.   To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

207.   In answering Count II, Paragraph 207 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.   To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with

respect to Doe Defendants and none is provided.

208. In answering Count II, Paragraph 208 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

209. In answering Count II, Paragraph 209 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

210. In answering Count II, Paragraph 210 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

211. In answering Count II, Paragraph 211 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death. The CoreCivic Defendants further deny that neither Defendant

LaRose nor Defendant Roemmich were negligent, which does not give rise to CoreCivic's liability as their employer under a theory of *respondeat superior.*

212. In answering Count II, Paragraph 212 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

213. In answering Count II, Paragraph 213 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

## THIRD CAUSE OF ACTION
### BANE ACT
**(By the Estate of Carlos Escobar Against UNITED STATES, ARCHAMBEAULT, DOBSON, CORECIVIC, LAROSE, ROEMMICH, DOES 1-7 and ROES 1-10)**

214. Count III, Paragraph 214 is an incorporation paragraph to which no response is required. To the extent a response is required, the CoreCivic Defendants deny it.

215. In answering Count III, Paragraph 215 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

216. In answering Count III, Paragraph 216 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than

CoreCivic Defendants' Answer to          39          Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

the CoreCivic Defendants and therefore no response is required and none is provided.

217.   In answering Count III, Paragraph 217 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

218.   In answering Count III, Paragraph 215 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.  To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

219.   In answering Count III, Paragraph 219 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.  To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

220.   In answering Count III, Paragraph 219 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is

required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.  To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

221.   In answering Count III, Paragraph 221 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.  To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

222.   In answering Count III, Paragraph 222 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.  To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

223. In answering Count III, Paragraph 223 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death. To the extent this Paragraph contains allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

224. In answering Count III, Paragraph 224 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations the decedent's requests for medical care were ignored by CoreCivic employees. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore denies them.

225. In answering Count III, paragraph 225 of Plaintiffs' Second Amended Complaint, the CoreCivic Defendants deny the allegations.

226. In answering Count III, Paragraph 226 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

227. In answering Count III, Paragraph 227 of Plaintiffs' Second Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death. To the extent this Paragraph contains

allegations against Doe Defendants, all claims against Doe Defendants were dismissed (*see* Dkt. 57 at 10–12) and therefore no response is required with respect to Doe Defendants and none is provided.

## FOURTH CAUSE OF ACTION
### (Bivens: Deliberate Indifference to Decedent's Constitutional Rights By the Estate of Carlos Escobar Against Defendants Archambeault, Dobson and Roes 1-10)

228.   In answering Count IV, Paragraph 228 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

229.   In answering Count IV, Paragraph 229 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

230.   In answering Count IV, Paragraph 230 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

231.   In answering Count IV, Paragraph 231 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

232.   In answering Count IV, Paragraph 232 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

233.   In answering Count IV, Paragraph 233 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

234.   In answering Count IV, Paragraph 234 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

235.   In answering Count IV, Paragraph 235 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

236.   In answering Count IV, Paragraph 236 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

237.   In answering Count IV, Paragraph 237 of Plaintiffs' Second Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

## PUNITIVE DAMAGES

In answering Plaintiffs' request for punitive damages, the CoreCivic Defendants deny that Plaintiffs are entitled to punitive damages.

## REQUEST FOR RELIEF

In answering Plaintiffs' Prayer for Relief, the CoreCivic Defendants deny that Plaintiffs are entitled to any relief, whether compensatory, nominal, and/or punitive, or that they have suffered any compensable damage or injury.   The

CoreCivic Defendants also deny that Plaintiffs are entitled to expenses, costs, or fees, or any other relief.

## AFFIRMATIVE DEFENSES

1.      As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

2.      As a separate defense or in the alternative, the CoreCivic Defendants allege that all or some of Plaintiffs' claims may be barred by the applicable statute of limitations.

3.      As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiff(s) lack standing to pursue their claims.

4.      As a separate defense or in the alternative, the CoreCivic Defendants allege that they are entitled to all privileges and immunities under California and/or federal law.

5.      As a separate defense or in the alternative, the CoreCivic Defendants allege that CoreCivic, as a government contractor, is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, and preemption.

6.      As a separate defense or in the alternative, the CoreCivic Defendants allege that they were not negligent and did not breach any duty owed to the decedent.

7.      As a separate defense or in the alternative, the CoreCivic Defendants allege that no CoreCivic employee was negligent or breached any duty owed to the decedent.

8.      As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not violate any applicable standard of care.

9.      As a separate defense or in the alternative, the CoreCivic Defendants allege that the operation of OMDC was at all times consistent with the applicable

CoreCivic Defendants' Answer to                    45                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

standard of care.

10.   As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions alleged on the part of the CoreCivic Defendants (and/or their employees/subordinates) were not the actual and/or proximate cause of any injuries, losses, and/or damages to the decedent and/or Plaintiffs, thereby barring recovering.

11.   As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions alleged on the part of the CoreCivic Defendants (and/or their employees/subordinates) were not a substantial factor in causing the decedent's death.

12.   As a separate defense or in the alternative, the CoreCivic Defendants allege that the decedent did not incur economic damages as a result of his contracting COVID-19.

13.   As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs suffered no actual injuries and/or damages.

14.   As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs and/or the decedent failed to mitigate their damages, if any.

15.   As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries, if any, were caused by a third party over whom the CoreCivic Defendants had no control.

16.   As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries, if any, were proximately caused by an independent or superseding cause for which they are not liable.

17.   As a separate defense or in the alternative, the CoreCivic Defendants allege that they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

18.   As a separate defense, or in the alternative, the CoreCivic Defendants allege that the decedent was contributorily negligent, thereby barring or

CoreCivic Defendants' Answer to          46          Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

significantly reducing recovery.

19.     As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not negligently supervise any CoreCivic employee.

20.     As a separate defense or in the alternative, the CoreCivic Defendants allege that CoreCivic did not know or have any reason to believe that any CoreCivic employee was unfit.

21.     As a separate defense or in the alternative, the CoreCivic Defendants allege that at no time did CoreCivic fail to use reasonable care to discover an employee's unfitness.

22.     As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs have failed to state a claim against any individual CoreCivic employee, thus precluding any vicarious liability on behalf of CoreCivic as their employer.

23.     As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries or losses, if any, were the result of the negligence or intentional act(s) of individuals not employed by CoreCivic, thereby reducing or eliminating any damages owed by the CoreCivic Defendants.

24.     As a separate defense or in the alternative, Plaintiffs are precluded from recovering punitive damages.

25.     As a separate defense or in the alternative, the CoreCivic Defendants that Plaintiffs have failed to adequately state a claim under the Bane Act, Cal. Civ. Code § 52.1.

26.     As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not interfere and/or attempt to interfere by threat, intimidation, or coercion with the exercise or enjoyment by the decedent or the decedent's rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California.

27.     As a separate defense or in the alternative, the CoreCivic Defendants

CoreCivic Defendants' Answer to                    47                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

did not violate any of the decedent's constitutional rights under the California or United States constitutions or state or federal law, thereby precluding Plaintiffs' Bane Act claim.

28.    As a separate defense or in the alternative, the CoreCivic Defendants did not act with specific intent, thereby precluding Plaintiffs' Bane Act claim.

29.    As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions attributed to them were based upon legitimate penological purposes.

30.    As a separate defense or in the alternative, the CoreCivic Defendants allege that they were acting with good, sufficient, and probable cause to be so acting, and that their actions and/or inactions were performed in good faith and without malice.

31.    As a separate defense or in the alternative, the CoreCivic Defendants were not subjectively aware of and did not consciously disregard a substantial risk of harm to the decedent and therefore did not act with deliberate indifference.

32.    As a separate defense or in the alternative, the CoreCivic Defendants allege that ICE detainees are not express or implied third party beneficiaries to detention contracts between ICE and CoreCivic or the PRR and thus allegations of violations of contractual terms are not a basis for liability.

33.    As a separate defense or in the alternative, the CoreCivic Defendants allege that alleged violations of OMDC policies and procedures is not evidence of constitutional violations, violations of the applicable standard of care, or violations of the applicable detention services contract or the PRR and thus is not a basis for liability.

34.    As a separate defense or in the alternative, the CoreCivic Defendants allege that OMDC provided a grievance process for detainee complaints regarding conditions of confinement and delivery of healthcare services and the decedent failed to avail himself of the process.

35. As a separate defense and in the alternative, the CoreCivic Defendants allege they made a good faith effort to mitigate and prevent the spread of COVID-19 among the detainee population at OMDC by implementing effective policies, procedures, and practices.

36. As a separate defense and in the alternative, the CoreCivic Defendants allege that the conditions of detention at OMDC were safe, sanitary, and did not violate any constitutional, statutory, or health/safety/corrections industry standards.

37. The CoreCivic Defendants reserve the right to amend its Answer to Plaintiffs' Second Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

38. Although the CoreCivic Defendants do not presently have facts in support of the following defenses, they wish to assert the following defenses should subsequent discovery reveal they are appropriate: estoppel, fraud, illegality, release, res judicata, and waiver.

WHEREFORE, the CoreCivic Defendants request the following relief:

1. Dismissal of Plaintiffs' Second Amended Complaint, with prejudice, with Plaintiffs taking nothing.

2. Judgment in favor of the CoreCivic Defendants and against Plaintiffs.

3. That the CoreCivic Defendants be awarded costs and reasonable attorney's fees incurred.

4. Such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The CoreCivic Defendants demand a jury trial on all triable issues.

Dated:  September 9, 2022     By s/ Dana M. Keene

Dana M. Keene
Daniel P. Struck*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler Arizona  85226
dkeene@strucklove.com
dstruck@strucklove.com
*Admitted Pro Hac Vice

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
mahoney@wmalawfirm.com

Attorneys for Defendants CoreCivic of Tennessee LLC, Christopher LaRose, and Joseph Roemmich

CoreCivic Defendants' Answer to            50            Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 9, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated:  September 9, 2022     By s/ Dana M. Keene

CoreCivic Defendants' Answer to                51                Case No. 20-cv-2454- L-KSC
Plaintiffs' Second Amended Complaint