Dana M. Keene, CA Bar #324993
Daniel P. Struck, AZ Bar #012377
(*admitted pro hac vice*)
Rachel Love, AZ Bar # 019881
(*admitted pro hac vice*)
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Tel.: (480) 420-1600
Fax: (480) 420-1695
dkeene@strucklove.com
dstruck@strucklove.com
rlove@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendants CoreCivic of Tennessee
LLC, C. LaRose, and J. Roemmich

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CARLOS ESCOBAR MEJIA et. al., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA et. al., <br><br> Defendants. | NO. 3:20-CV-02454-L-KSC <br><br> **JOINT MOTION FOR PROTECTIVE ORDER** <br><br> Hon. Karen S. Crawford |

This case arises out of the death of Plaintiffs' decedent Carlos Escobar-Mejia. At all times relevant to Plaintiffs' Second Amended Complaint, the decedent was a U.S. Immigration and Customs Enforcement ("ICE") detainee who was detained at CoreCivic's Otay Mesa Detention Center ("OMDC") in San Diego,

Joint Motion for Protective Order                    NO. 3:20-CV-02454-L-KSC

California.   The decedent died at a nearby hospital on May 6, 2020 from complications related to COVID-19.  Plaintiffs are the decedent's siblings and the Estate of Carlos-Escobar-Mejia, by and through its successor in interest, Rosa Escobar.

Documents and information relevant to this action may contain confidential and proprietary information, including, but not limited to, trade secrets, confidential commercial information, private personal information, security sensitive information, protected health information, and/or information covered by the Privacy Act of 1974.

In order for the parties to review these materials and to protect against unnecessary dissemination, the parties jointly move the Court for a protective order. The parties agree that any signatory to this motion is authorized to move the Court to enforce the terms of the proposed order.

The text of the proposed order, which has also been emailed to Chambers, is as follows:

### TEXT OF PROPOSED ORDER:

The Court recognizes that some of the documents and information ("materials") being sought through discovery in the above-captioned action are normally kept confidential by the parties.  Such materials may contain trade secret or other confidential commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G), or personal information, security information, and/or protected health information, or information covered by the Privacy Act of 1974.  The parties have therefore agreed to be bound by the terms of this Protective Order ("Order") in this action.  The purpose of this Order is to protect the confidentiality of such materials during the litigation. THEREFORE:

### DEFINITIONS

1.   The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions

Joint Motion for Protective Order                2                NO. 3:20-CV-02454-L-KSC

of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.  The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.  The term "security information" refers to information that would threaten the safety or security of a person or institution if disclosed without protective conditions.

4.  The term "personal information" refers to all documents containing dependent information, personal addresses or phone numbers, social-security numbers, other identifying information, personal contact information, or employment and wage information, and personally identifiable information covered by the Privacy Act of 1974.  Such protections shall pertain to current or former employees, agents, or contractors of CoreCivic; or others, such as former or current detainees and non-parties to this litigation.

5.  The term "protected health information" refers to individually identifiable health information and adopts the definition in the Health Insurance Portability and Accountability Act ("HIPAA").

Joint Motion for Protective Order          3          NO. 3:20-CV-02454-L-KSC

6.     The term "counsel" will mean counsel of record, other attorneys, government counsel working on the case who are not counsel of record, and paralegals, legal assistants/secretaries, other support staff working with counsel, and investigators retained or employed on behalf of any party.

## GENERAL RULES

1.     Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

a.     Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b.     Designation as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party.

2.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

Joint Motion for Protective Order              4              NO. 3:20-CV-02454-L-KSC

3.    Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a.    The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY."

b.    The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 12 below; and

c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

4.    All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

Joint Motion for Protective Order                5              NO. 3:20-CV-02454-L-KSC

5.    Information designated "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" must be viewed only by counsel (as defined in Paragraph 6) of the receiving party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, in advance of providing any confidential information of the producing party to the expert. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert if the fourteen (14) day period has passed, and no objection has been made. The approval of independent experts must not be unreasonably withheld.

6.    Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in Paragraph 6) of the receiving party, the named parties and their employees, including former employees who may be witnesses in this case, by independent experts (pursuant to the terms of Paragraph 11), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed to be bound by its terms:

a.    Executives who are required to participate in policy decisions with reference to this action;

b.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

c.    Stenographic and clerical employees associated with the individuals identified above.

Joint Motion for Protective Order          6          NO. 3:20-CV-02454-L-KSC

7.     With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

8.     All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 6, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

9.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

10.     Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.  The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

11.     At any stage of these proceedings, any party may object to a designation of the materials as confidential. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of

Joint Motion for Protective Order          7          NO. 3:20-CV-02454-L-KSC

objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner

of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTOREYS' EYES ONLY."

15. The parties agree, pursuant to Federal Rule of Evidence 502(d), that any party who inadvertently discloses a document containing information protected by the attorney-client privilege, the work-produce doctrine, or other applicable privilege, does not waive any privilege or protection as to any inadvertently disclosed document. The parties have agreed to the following clawback procedures for inadvertently disclosed documents:

a. For the purposes of this Order, an Inadvertently Disclosed Document is a document, material, or information (including but not limited to electronic data) that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection, other applicable privilege, or which contain or reflect the impressions, conclusions, opinions, legal research, or theories of legal counsel.

b. A party does not waive any claim of privilege, in this litigation or any other federal or state proceeding, as to any Inadvertently Disclosed Document.

c. If a party receives or discovers documents, material, or information that the party knows or has any reason to believe constitute an Inadvertently Disclosed Document, the receiving party shall: (1) promptly notify the producing party and immediately refrain from reading the item; (2) promptly and permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed.

d. If a party discovers that it has produced an Inadvertently Disclosed Document, the producing party may notify any other party within 15 days of its claim of privilege pertaining to the Inadvertently Disclosed Document. On receiving this notice, the other party shall: (1) immediately refrain from reading

Joint Motion for Protective Order          9          NO. 3:20-CV-02454-L-KSC

the item; (2) permanently delete electronic files and data and destroy paper documents; and (3) certify in writing to the producing party that the files, data, and documents have been properly deleted or destroyed. If a document is part of a filing with the Court, the party invoking this Paragraph will raise the issue with the filing party, and the filing party will either withdraw the document or the parties will agree to brief the issue for the Court, but the filing party shall have no obligation to withdraw the document from the record until the Court resolves the dispute. In no event is a party required to destroy filings with the Court.

    e.  Within 20 days of the date the producing party becomes aware of the disclosure of an Inadvertently Disclosed Document, the producing party shall serve a privilege log on the other parties covering the clawed-back documents, material, or information.

    f.  Subject to the foregoing, if a dispute develops as to whether a privilege exists, no party shall disclose, offer, or otherwise use the disputed material in any way, including in these proceedings (other than as necessary to raise the dispute over the document with the court), until the issue is resolved by the parties or the Court.

  16. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

  17. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

  18. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not

Joint Motion for Protective Order   10   NO. 3:20-CV-02454-L-KSC

be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

20. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Upon final termination of this action, the Court shall destroy confidential or sealed documents within 120 days. The Court's destruction of confidential or sealed documents must be preceded by an ex-parte motion for an order authorizing the Court's destruction.

21. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving

Joint Motion for Protective Order              11              NO. 3:20-CV-02454-L-KSC

party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

22. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

23. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

24. To the extent the Privacy Act or HIPAA allows disclosure of protected information pursuant to a court order, *see* 5 U.S.C. § 552a(b)(11), this Order constitutes such a court order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the protective order in the interests of justice or for public policy reasons. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

27. Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

**<u>END OF TEXT OF PROPOSED ORDER</u>**

Dated:  December 14, 2022

By s/ *Dana M. Keene*

Dana M. Keene
Daniel P. Struck*
Rachel Love*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler Arizona  85226
dkeene@strucklove.com
dstruck@strucklove.com
Rlove@strucklove.com
*Admitted Pro Hac Vice*

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
mahoney@wmalawfirm.com

*Attorneys for Defendants CoreCivic of Tennessee LLC, C. LaRose, and J. Roemmich*

By s/ *Ernest Cordero, Jr.*

RANDY S. GROSSMAN
United States Attorney
ERNEST CORDERO, JR.
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893

*Attorneys for Defendant United States of America*

By s/ *Eugene G. Iredale*

Eugene G. Iredale
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036

*Attorneys for Plaintiffs*

Joint Motion for Protective Order          13          NO. 3:20-CV-02454-L-KSC

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to all counsel whose electronic signatures appear on this motion and that I have obtained authorization from them to affix their electronic signatures to this document.

Dated: December 14, 2022        /s/ *Dana M. Keene*
                                Dana M. Keene

Joint Motion for Protective Order        14        NO. 3:20-CV-02454-L-KSC