UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CARLOS ESCOBAR MEJIA, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Case No.:  20-cv-2454-L-KSC<br><br>**ORDER FOLLOWING STATUS CONFERENCE** |

On January 27, 2023, the Court set a status conference for February 10, 2023. *See* Doc. No. 78. The Court ordered the parties[1] to file a pre-conference status report "with the following information: the dates of all discovery requests and responses served; the status of any document productions made or ongoing; whether any party anticipates serving more written discovery; the dates of any depositions taken; a list of depositions noticed but not yet taken; a list of depositions not yet noticed but which any party

---

[1] There are numerous parties here. The Court's use of "plaintiffs" refers collectively to the individual plaintiffs and the estate of the decedent, Carlos Escobar Mejia. The Court refers to defendants CoreCivic of Tennessee LLC, Joseph Roemmich, and Christopher LaRose as "the CoreCivic defendants," excluding defendant the United States of America.

estimates will be taken; the nature of any discovery disputes the parties contemplate bringing before the Court; and any other information the parties consider pertinent to apprising the Court of the status of discovery in this matter." *Id.*  The parties filed a Joint Status Report on February 7, 2023, as ordered by the Court.  Doc. No. 79.  On February 10, 2023, the Court held a telephonic status conference at which counsel for all parties appeared.  *See* Doc. No. 80.

The purposes for which this Court may hold a pretrial conference expressly include "establishing early and continuing control so that the case will not be protracted because of lack of management."  Fed. R. Civ. P. 16(a)(2).  Counsel appearing in this district "must proceed with diligence to take all steps necessary to bring an action to readiness for trial."  Civil. L.R. 16.1(b).  The parties' Joint Status Report reveals that while the Scheduling Order was issued on November 10, 2022, the parties delayed in initiating written discovery until December 21, 2022, when plaintiffs and the United States first served discovery requests.  *See* Doc. Nos. 72, 79 at 2-3.  The United States delayed seeking third-party discovery until January 27, 2023.  *Id.* at 3.  The CoreCivic defendants delayed serving ***any*** written discovery until February 3, 2023.  *Id.* at 3-4.  No depositions have been noticed or taken.  *See generally id.* at 2-5.

The parties, as a codicil to their Joint Status Report, have appended a section of "Proposed Modifications" to the Scheduling Order, which they represent would "allow for the completion of discovery."  *See* Doc. No. 79 at 5-6.  The Scheduling Order may not be modified except for good cause.  *See* Fed. R. Civ. P. 16(b)(4).  Paragraph VI of this Court's Chambers' Rules requires all requests to amend the Scheduling Order be made by joint motion and include various provisions, including a basis for finding good cause, an explanation of why the parties are unable to adhere to the operative Scheduling Order, and a recitation of the parties' efforts to adhere to the Court's pretrial dates notwithstanding their inability to timely complete discovery.  At the outset of this case, the parties anticipated written discovery would "likely be voluminous," and that plaintiff might need to take more than ten depositions to prepare the case for trial.  *See* Doc. No.

70 at 2-3.  The parties likewise contemplated extensive expert discovery in their Joint Discovery Plan.  *See id.* at 4-5.  In light of this, the need to promptly serve discovery was evident.  Given the parties' collective understanding of the anticipated scope and nature of discovery in this matter, the existence of good cause for extending the discovery schedule is questionable, and the parties' diligence in pursuing discovery falls far short of the requirements imposed by Civil Local Rule 16.1(b).  Accordingly, the request to modify the Scheduling Order is **DENIED WITHOUT PREJUDICE**.

A telephonic Status Conference to discuss the progress of discovery is set for **March 10, 2023**, at **10:00 a.m.**  To participate in the conference, counsel must dial the toll-free number, 1-877-873-8017, and use access code 2924630. Participants will remain on hold until the Court activates the conference call.  The parties are ordered to file a Joint Status Report on or before **March 7, 2023**, that updates the Court on the parties' collective efforts to complete discovery.  Should the parties wish to renew their request for additional time to complete discovery following the March 10, 2023, Status Conference, they may jointly move for such relief in compliance with the Courts' Chamber Rules.  In the meantime, the parties are strongly encouraged to diligently pursue discovery.  The Court cautions the parties that no joint motion will be granted unless good cause is established by demonstrating diligent and timely efforts to complete discovery under the deadlines imposed by the Operative Scheduling Order [Doc. No. 72].

**IT IS SO ORDERED**
Dated: February 15, 2023

Hon. Karen S. Crawford
United States Magistrate Judge