UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THE ESTATE OF CARLOS ESCOBAR MEJIA, et al.,<br><br>                                 Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>                                 Defendants. | Case No.:  20-cv-2454-L-KSC<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER [Doc. No. 82]** |

The parties[1] have jointly moved to amend the operative Scheduling Order. Doc. No. 82 (the "Joint Motion"). The Court also held a Status Conference on March 10, 2023, which counsel for all parties attended. Doc. No. 83. The parties ask to continue the pretrial dates in this matter by a little more than three months. *See* Doc. No. 82 at 10-11. The Court previously denied the parties' request to amend the Scheduling Order because the parties had not shown diligence in pursuing discovery. Doc. No. 81. The parties now

---

[1]     There are numerous parties here. The Court's use of "plaintiffs" refers collectively to the individual plaintiffs and the estate of the decedent, Carlos Escobar Mejia. The Court refers to defendants CoreCivic of Tennessee LLC, Joseph Roemmich, and Christopher LaRose as "the CoreCivic defendants," excluding defendant the United States of America.

1

suggest there is good cause to amend the Scheduling Order. Doc. No. 82 at 8-11. The parties' Joint Status Report indicates they have worked to schedule depositions, and they have met and conferred about written discovery. *See* Doc. No. 82 at 1-6. The parties suggest more written discovery may be served, although the exact scope of that discovery is not clear. *Id.* at 6-7. They indicate several fact witness depositions that have not yet been noticed will need to go forward. *Id.* The parties also note that one attorney of record for the CoreCivic defendants has recently delivered a child, and her colleagues have been occupied with a hectic trial calendar. *Id.* at 10. They anticipate an additional attorney will secure admission to appear pro hac vice in "2-3 weeks." *Id.*

In the time since the Court last denied the parties' request to amend the Scheduling Order, the parties have sufficiently prioritized securing the necessary discovery to prepare this case for trial. That level of diligence, in conjunction with the scheduling conflicts related to counsel's maternity leave and trial calendar, warrants a continuation of the pretrial dates in this matter. The parties have thus shown good cause to justify a continuance of the pretrial dates in the operative Scheduling Order [Doc. No. 72]. Accordingly, the request to modify the Scheduling Order is **GRANTED**. The parties will adhere to the following pretrial dates:

- June 30, 2023 – Fact discovery cutoff
- July 31, 2023 – Expert designations
- August 15, 2023 – Rebuttal expert designations
- September 15, 2023 – Rule 26(a)(2)(A)-(B) expert disclosures
- September 29, 2023 – Rule 26(a)(2)(D) rebuttal disclosures
- October 30, 2023 – Expert discovery cutoff
- November 30, 2023 – Pretrial motion cutoff
- March 4, 2024 – Rule 26(a)(3) pretrial disclosures
- March 11, 2024 – Deadline to comply with Civil Local Rule 16.1(f)(4) and exchange copies of exhibits
- March 18, 2024 – Plaintiff provides defendants with proposed final pretrial

20-cv-2454-L-KSC

order

- March 25, 2024 – Proposed final pretrial order lodged with Judge Lorenz
- The Final Pretrial Conference will be held April 1, 2024, at 11:00 a.m. before the Honorable M. James Lorenz.

The Court's previous Scheduling Order [Doc. No. 72] remains otherwise in effect. No future joint motion to continue these dates will be granted unless good cause is established. As the Court expressly cautioned the parties during the March 10, 2023, Status Conference, failure to secure discovery during the time allowed by this Order will not constitute good cause in and of itself.

**IT IS SO ORDERED**

Dated: March 10, 2023

Hon. Karen S. Crawford
United States Magistrate Judge

3

20-cv-2454-L-KSC