# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CARLOS ESCOBAR MEJIA et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | CASE NO. 20-cv-2454-L-KSC <br><br> **ORDER GRANTING GREGORY ARCHAMBEAULT AND JAMES DOBSON'S MOTION FOR ENTRY OF FINAL JUDGMENT [ECF NO. 77.]** |

    Pending before the Court is Defendants' Gregory Archambeault and James Dobson's Motion for Entry of Final Judgement. (Motion [ECF No. 77.]) The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendants' Motion.

I.  **BACKGROUND**

The background facts are well known to the Court and parties and are not repeated here. The relevant procedural facts follow:

On December 16, 2020, Plaintiffs filed a Complaint alleging the following causes of action against Defendants Archambeault, Dobson, CoreCivic, LaRose, Roemmich, and Does 1–50 following Escobar's death while in federal custody: negligence; intentional infliction of emotional distress; wrongful death under California Code of Civil Procedure § 377.60; and violation of California's Bane Act, California Civil Code § 52.1. The Complaint further asserted a claim for violation of California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51, against CoreCivic, Larose, Roemmich; a claim for violation of the Rehabilitation Act, 29 U.S.C. § 794(a), against CoreCivic; and a claim for violation of Escobar's constitutional right to adequate medical care against Archambeault and Dobson pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (SAC [ECF No. 1.])

On October 8, 2021, Plaintiffs filed a Second Amended Complaint limited to four claims against Defendants Archambeault, Dobson, CoreCivic, LaRose, Roemmich, and Does 1–50: negligence, wrongful death, violations of the Bane Act, and deliberate indifference under *Bivens* against Archambeault and Dobson. (SAC [ECF No. 29.])

On April 11, 2022, Defendants Gregory Archambeault and James Dobson filed a motion to dismiss stating that dismissal was required for the non-*Bivens* claims because the United States had been substituted for them under the Westfall Act and requesting dismissal of the *Bivens* act claim. [ECF No. 52.] The Court granted the Motion on December 2, 2022. [ECF No. 74.]  Archambeault and Dobson now request entry of final judgment as to Plaintiffs' individual-capacity

claims against them under Federal Rule of Civil Procedure 54(b). (Mot. at 1). The United States and other defendants do not oppose the motion.

## II. LEGAL STANDARD

In an action that contains more than one claim for relief or where multiple parties are involved:

> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ. P. 54(b).

Rule 54(b) "allows a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties" when the court has fully adjudicated the claims. *Curtiss-Wright Corp., v. Gen. Elec.Co*., 446 U.S. 1, 3 (1980). "Rule 54(b) was adopted in view of the breadth of the 'civil action' the Rules allow, specifically 'to avoid the possible injustice' of 'delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.'" *Gelboim v. Bank of America Corp*., 574 U.S. 405, 409 (2015)(quoting Advisory Committee Note on Proposed Amendment s Fed.R.Civ.P. 54 1946)).

Courts apply a two-step inquiry to determine whether final judgment under Rule 54(b) is warranted. *Wood v. GCC Bend, LLC*., 422 F.3d 873, 878 (9th Cir. 2005). "A district court must first determine that it has rendered a "final judgment," that is, a judgment that is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright*, 446

U.S. at 7. Then it must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id*. at 8, (quoting *Mackey*, 351 U.S. at 437, 76 S.Ct. 895).

III. **DISCUSSION**

Defendants Archambeault and Dobson ("Defendants") move for entry of final judgment arguing that the Court has substituted the United States as Defendant for the non-*Bivens* claims and has dismissed the *Bivens* claims against them, rendering the former claims against them separable from the remaining claims in the case. (Mot. at 1). As a result, entry of partial final judgment as to these Defendants would not trigger duplicative appeals or require an appellate court to review a factual record twice. (*Id*.) Defendants also contend that the equities favor entry of final judgment because they have an interest in finality of claims against them and entering final judgment will not prejudice the Plaintiffs. (*Id*.)

**A. Final Judgment**

As a primary matter, this is a complex case, with multiple parties and claims, therefore, it is a candidate for certification under Rule 54(b). *See Int'l Longshore & Warehouse Union*, 863 F.3d at 1186. In its Order granting Archambeault and Dobson's motion to dismiss, the Court substituted the United States as a Defendant in place of these Defendants, thereby dismissing Archambeault and Dobson from the negligence, wrongful death pursuant to CCP 377.60, and Bane Act claims, and dismissing all the non-*Bivens* claims against them. (Order [ECF No. 74.]) The Order further dismissed the *Bivens* claim as to these Defendants.  The dismissal of the substantive claims constitutes a final

"judgment" because it is a decision upon cognizable claims for relief and is "final" as it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956).

**B. No Just Reason for Delay**

Having determined "finality," the Court turns to whether the timing is appropriate to permit a final decision in this multiple claims action to become appealable. *Curtiss*, 446 U.S. at 8. This inquiry requires a district court to consider "judicial administrative interests as well as the equities involved." *Id*. Administrative interests in avoidance of piecemeal appeals compels the district court to "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id*. "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

   *1. Judicial Administration*

The inquiry into judicial administration interests "does not require the issues raised on appeal to be completely distinct from the rest of the action, 'so long as resolving the claims would streamline the ensuing litigation.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009). A district court should evaluate the "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright*, 446 U.S. at 10.

The Complaint asserted claims of negligence, wrongful death pursuant to CCP 377.60, and Bane Act against the United States, Archambeault, Dobson, CoreCivic, Larose, and Roemmich. As noted above, this Court substituted the United States for Defendants Archambeault and Dobson in these claims, and therefore dismissed these claims against these Defendants. Although the claims running against the remaining Defendants including the United States, Larose and Roemmich would have included interlocking facts with claims against Archambeault and Dobson, these Defendants are no longer parties to those claims. As a result, the remaining claims against the United States and private defendants are separable from the former claims against these Defendants. For this reason, the appellate court would not be required to address legal or factual issues that are similar to those contained in the claims still pending because the United States now stands in the shoes of Archambeault and Dobson. *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d at 965.

Moreover, appellate review of the records would be distinct for each set of claims because the claims against the present Defendants were adjudicated on a motion to dismiss, in which the district court presumed the facts as alleged, and the remaining defendants are proceeding to discovery on their claims, which will be resolved via summary judgment or at trial after further development of the record.

As to the *Bivens* claim asserted against the present Defendants, this Court granted Archambeault and Dobson's motion to dismiss on this claim, finding it was not an available remedy. Plaintiff did not assert a *Bivens* claim against any other Defendants, therefore, this claim is distinct from claims pending against other Defendants. Because the remaining claims are distinct from the claims already adjudicated, it would not create duplicative appellate review of the issues if they were challenged on appeal.

2. *Equities*

Archambeault and Dobson argue that the equities favor certification under Rule 54(b) because it would spare them the unnecessary cost and apprehension if they were to remain parties to the litigation pending the potential for appellate review while this Court adjudicates the remaining claims against other Defendants. (Mot. at 9). They further contend that certification would release them from the burden of having to monitor litigation as party-defendants and report the existence of the lawsuit against them if required. (*Id.*) The Defendants note that they could be called for depositions during discovery on the remaining claims and if final judgment is not entered as to them, they could theoretically be revived as parties on appeal as "defendants at risk of liability," which is markedly different than participating in discovery as "non-party witnesses." (*Id.*)

Weighing of the equities turns on the facts of the case and rests in the sound discretion of the trial court. *Curtiss-Wright*, 446 U.S. at 10. Here, Archambeault and Dobson have been replaced by the United States as parties to the non-*Bivens* claims, and the *Bivens* claims have been dismissed against them, but they remain under the specter of continued litigation which could include being revived as parties during appeal. Having to monitor the case, report the litigation, and continue to incur costs associated with the case weigh in favor of granting final judgment. It is notable that neither Plaintiff nor the remaining Defendants have filed objections to Archambeault and Dobson's request for final judgment. Consequently, the equities weigh in favor of granting Archambeault and Dobson's request for entry of final judgment.

The Court finds that entry of final judgment as to Defendants Archambeault and Dobson serves judicial administration and would streamline litigation.

//

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants Archambeault and Dobson Motion for Entry of Default Judgment.

**IT IS SO ORDERED**

Dated:  April 18, 2023

_____
Hon. M. James Lorenz
United States District Judge