Dana M. Keene, CA Bar #324993
Daniel P. Struck, AZ Bar #012377
(*admitted pro hac vice*)
Rachel Love, AZ Bar # 019881
(*admitted pro hac vice*)
Jamie D. Guzman, AZ Bar #022095
*(admitted pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona  85226
Tel.:  (480) 420-1600
Fax:  (480) 420-1695
dkeene@strucklove.com
dstruck@strucklove.com
Rlove@strucklove.com
jguzman@strucklove.com

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
Tel.: (619) 407-0505
Fax: (619) 872-0711
mahoney@wmalawfirm.com

Attorneys for Defendants CoreCivic of Tennessee
LLC, Christopher LaRose, and Joseph Roemmich

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Estate of Carlos Escobar Mejia by and through its successor in interest Rosa Escobar, Rosa Escobar, Maribel Escobar and Juan Antonio Escobar as individuals,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America; Gregory Archambeault; James Dobson; CoreCivic of Tennessee LLC; Christopher LaRose; Joseph Roemmich; Does 1 Through 50, Inclusive, And Roes 1 through 50, Inclusive,<br><br>Defendants. | No. 20-cv-2454-L-KSC<br><br>**CORECIVIC DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT (DKT. 92)**<br><br>**JURY TRIAL DEMANDED** |

Defendants CoreCivic, C. LaRose, and J. Roemmich (collectively, "CoreCivic Defendants") file their Answer to Plaintiffs' Third Amended Complaint (Dkt. 92).  The CoreCivic Defendants admit, deny, and allege the following as set forth below.  Any and all allegations not expressly admitted are denied.  The CoreCivic Defendants retain the right and opportunity to amend and supplement this Answer as discovery progresses in this case.

## I.
## INTRODUCTION

In answering Section I, Paragraph of Plaintiffs' Third Amended Complaint, this paragraph is a narrative "Introduction" to the lawsuit and contains advocacy argument interspersed with factual allegations and legal conclusions.  To the extent an answer is required, the CoreCivic Defendants admit only that the decedent died while hospitalized for COVID-19-related illness on or about May 6, 2020, and that prior to hospitalization he was detained at CoreCivic's Otay Mesa Detention Center ("OMDC") and tested positive for COVID-19. The CoreCivic Defendants deny that they provided medical care to detainees at OMDC during the relevant time period as all medical services were provided and/or supervised by ICE Health Services Corps ("IHSC") and its contractor(s).  The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death. The CoreCivic Defendants also deny that OMDC's COVID-19 response operations caused or contributed to the decedent's death or that they failed to meet any ICE requirements related to COVID-19 response operations or any other relevant operational requirement.

## II.
## GENERAL ALLEGATIONS

1.     In answering Section II, Paragraph 1 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that this Court has jurisdiction over Plaintiffs' federal claims asserted against the United States pursuant to 28 U.S.C. §

1331 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

2.     In answering Section II, Paragraph 2 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required.  To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny it.

3.     In answering Section II, Paragraph 3 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that venue is proper in the Southern District of California.

### III.
### PARTIES

4.     Section III, Paragraph 4 of Plaintiffs' Third Amended Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

5.     In answering Section III, Paragraph 5 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that the decedent died in San Diego County, that Rosa Escobar brings this action on behalf of the Estate of Carlos-Escobar-Mejia, and that Maribel Escobar, Rosa Escobar, and Juan Antonio Escobar bring suit as individuals. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

6.     In answering Section III, Paragraph 6 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

7.     In answering Section III, Paragraph 7 of Plaintiffs' Third Amended

CoreCivic Defendants' Answer to          3          Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

8.      In answering Section III, Paragraph 8 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

9.      In answering Section III, Paragraph 9 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to a Defendant other than the CoreCivic Defendants and therefore no response is required.

10.     In answering Section III, Paragraph 10 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and call for legal conclusions and therefore no response is required.  Moreover, Defendants Archambeault and Dobson were dismissed as defendants in this case.  (*See* Dkt. 89.)

11.     In answering Section III, Paragraph 11 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that CoreCivic is a Maryland corporation with a principal place of business in Nashville, Tennessee.  The CoreCivic Defendants also admit that as part of its business operations, it owns, operates, or owns and operates detention and correctional facilities in many states, and contracts with local, state, and federal partners to provide detention and correctional services.

12.     In answering Section III, Paragraph 12 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that CoreCivic owned and operated OMDC, located in San Diego County, California.

13.     The CoreCivic Defendants admit Section III, Paragraph 13.

14.     The CoreCivic Defendants admit Section III, Paragraph 14, insofar as Defendant Roemmich served as one of two Assistant Wardens at OMDC during the relevant time period.

15. In answering Section III, Paragraph 15 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

16. In answering Section III, Paragraph 16 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

17. In answering Section III, Paragraph 17 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

18. In answering Section III, Paragraph 18 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant and dismissed parties other than the CoreCivic Defendants and therefore no response is required. (*See* Dkt. 89.)

19. In answering Section III, Paragraph 19 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant and dismissed parties other than the CoreCivic Defendants and therefore no response is required. (*See* Dkt. 89.)

20. In answering Section III, Paragraph 20 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants and dismissed parties other than the CoreCivic Defendants and therefore no response is required. (*See* Dkt. 89.)

21. In answering Section III, Paragraph 21 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required. The CoreCivic Defendants affirmatively assert that IHSC and/or its contractor(s) operated and oversaw OMDC's medical unit during the relevant timeframe and provided all healthcare services to OMDC detainees. The CoreCivic Defendants were not involved in the operation of OMDC's medical unit, and did not employ, contract, supervise, and/or train any of the medical personnel who worked there. The CoreCivic Defendants did not provide healthcare to detainees at OMDC during the relevant timeframe.

22.   In answering Section III, Paragraph 22 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that during the course of discovery in this matter, the United States informed the parties that the health care providers that treated the decedent at OMDC were employees of its contractor, STG International, Inc., and not the United States.   The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

23.   In answering Section III, Paragraph 23 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required.

24.   In answering Section III, Paragraph 24 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required.

25.   In answering Section III, Paragraph 25 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

26.   In answering Section III, Paragraph 26 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

27.   In answering Section III, Paragraph 27 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

28.   In answering Section III, Paragraph 28 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

29.   In answering Section III, Paragraph 29 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

30.    In answering Section III, Paragraph 30 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

31.    In answering Section III, Paragraph 31 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

32.    In answering Section III, Paragraph 32 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.

## IV.
## FACTS

33.    Section IV, Paragraph 33 of Plaintiffs' Third Amended Complaint is an incorporation paragraph to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

34.    The CoreCivic Defendants admit Section IV, Paragraph 34.

35.    In answering Section IV, Paragraph 35 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

36.    In answering Section IV, Paragraph 36 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

37.    The CoreCivic Defendants admit Section IV, Paragraph 37.

38.    In answering Section IV, Paragraph 38 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

39.   In answering Section IV, Paragraph 39 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

40.   In answering Section IV, Paragraph 40 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

41.   In answering Section IV, Paragraph 41 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

42.   In answering Section IV, Paragraph 42 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that the decedent was detained at OMDC from approximately January 10, 2020 to the date he was transported offsite to a hospital on April 24, 2020.  The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

43.   In answering Section IV, Paragraph 43 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

44.   In answering Section IV, Paragraph 44 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that the decedent was detained at OMDC from approximately January 10, 2020 to the date he was transported offsite to a hospital on April 24, 2020.  The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

45. In answering Section IV, Paragraph 45 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that it was evident upon visual observation that the decedent had a partial limb amputation but are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them. Answering further, CoreCivic did not operate and/or oversee OMDC's medical unit. It did not employ, contract, supervise and/or train medical personnel at OMDC during this timeframe. CoreCivic employees also did not have access to detainee medical records. As non-medical providers, CoreCivic employees did not determine which detainees were vulnerable to serious illness.

46. In answering Section IV, Paragraph 46 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

47. In answering Section IV, Paragraph 47 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that CoreCivic owns and/or operates correctional and detention facilities, including OMDC, pursuant to agreements with its government partners. OMDC houses a population of ICE detainees pursuant to a detention services contract between CoreCivic and ICE. The United States Marshals Service ("USMS") is an authorized user under that contract. The CoreCivic Defendants deny all allegations not expressly admitted.

48. In answering Section IV, Paragraph 48 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that OMDC houses a population of ICE detainees pursuant to a detention services contract between CoreCivic and ICE. OMDC is owned and operated by CoreCivic, and is located in San Diego, California. The CoreCivic Defendants deny all allegations not expressly admitted.

49. In answering Section IV, Paragraph 49 of Plaintiffs' Third Amended

Complaint, the CoreCivic Defendants deny the allegations as it is unclear what time period Plaintiffs are referencing. The CoreCivic Defendants affirmatively assert that OMDC has a design capacity of 1,970 detainees and population levels vary depending on need for use by ICE and USMS.

50.     In answering Section IV, Paragraph 50 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.   The CoreCivic Defendants affirmatively assert that on April 26, 2020, there were approximately 662 ICE detainees housed at OMDC.  This total dropped to approximately 489 ICE detainees by May 22, 2020.   The CoreCivic Defendants specifically deny any inference that they negligently and/or purposefully left hundreds of unused beds available.   To the contrary, space was left open for specific quarantine and/or cohorting purposes and to address staffing needs.  It is also specifically denied that detainees could not practice social distancing in their assigned housing units.

51.     In answering Section IV, Paragraph 51 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant and dismissed parties other than the CoreCivic Defendants and therefore no response is required. (*See* Dkt. 89.)

52.     In answering Section IV, Paragraph 52 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant and dismissed parties other than the CoreCivic Defendants and therefore no response is required. (*See* Dkt. 89.)

53.     In answering Section IV, Paragraph 53 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant and dismissed parties other than the CoreCivic Defendants and therefore no response is required.  (*See* Dkt. 89.) To the extent this Paragraph contains allegations against the CoreCivic Defendants, these allegations are denied, including all allegations that the CoreCivic Defendants created a "hothouse" for COVID-19 transmission, were deliberately indifferent, acted negligently to the safety and health of detainees

assigned to OMDC, or took no COVID-19 response or mitigation efforts until after the decedent died.

54.     In answering Section IV, Paragraph 54 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required.

55.     In answering Section IV, Paragraph 55 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants and dismissed parties other than the CoreCivic Defendants and therefore no response is required.  (*See* Dkt. 89.)

56.     Paragraph 56 calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.  Moreover, Plaintiffs' federal constitutional claims have been dismissed.  (*See* Dkt. 74, 89.)

57.     Paragraph 57 calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

58.     Paragraph 58 calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.  Moreover, Plaintiffs' federal constitutional claims have been dismissed.  (*See* Dkt. 74, 89.)

59.     Paragraph 59 calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.  Moreover, Plaintiffs' federal constitutional claims have been dismissed.  (*See* Dkt. 74, 89.)

60.     Paragraph 60 calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.  Moreover, Plaintiffs' federal constitutional claims have been dismissed.  (*See* Dkt. 74, 89.)

61.     Paragraph 61 calls for a legal conclusion to which no response is

required.  To the extent a response is required, the CoreCivic Defendants deny it. Moreover, Plaintiffs' federal constitutional claims have been dismissed.  (*See* Dkt. 74, 89.)

62.   In answering Section IV, Paragraph 62 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny the allegations.

63.   In answering Section IV, Paragraph 63 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny the allegations.

64.   In answering Section IV, Paragraph 64 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny the allegations.

65.   In answering Section IV, Paragraph 65 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10.)  To the extent a response is required, the CoreCivic Defendants deny the allegations.

66.   In answering Section IV, Paragraph 66 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that detainees who chose to participate in OMDC's Voluntary Work Program could be assigned to job details that included cleaning common areas in housing units for which they were paid. Detainees are responsible for the cleanliness of their personal living spaces, i.e.,

their cells, and for cleaning up after themselves in common areas. The CoreCivic Defendants allege further that all detainees had access to cleaning supplies in their pods and could disinfect common areas or their personal living spaces at any time prior to use. CoreCivic staff were also responsible for cleaning certain areas of the facility. It is denied that detainees were not trained how to clean properly. It is also denied that sinks and showers in common areas were not disinfected between use. It is unclear which cleaning product Plaintiffs are referring to and therefore the CoreCivic Defendants cannot adequately respond to Plaintiffs' allegations regarding its efficacy.

67.     In answering Section IV, Paragraph 67 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

68.     In answering Section IV, Paragraph 68 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

69.     In answering Section IV, Paragraph 69 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

70.     In answering Section IV, Paragraph 70 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

71.     In answering Section IV, Paragraph 71 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit the allegations.

72.     In answering Section IV, Paragraph 72 of Plaintiffs' Third Amended Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that COVID-19 is transmissible, can cause serious illness and/or death in certain individuals, and that some persons infected with COVID-19 may be asymptomatic. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

73.     In answering Section IV, Paragraph 73 of Plaintiffs' Third Amended

Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that during the relevant timeframe there was no known cure for COVID-19, and affirmatively assert that vaccinations had not yet been developed and were not available. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

74. In answering Section IV, Paragraph 74 of Plaintiffs' Third Amended Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that COVID-19 is transmissible. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

75. In answering Section IV, Paragraph 75 of Plaintiffs' Third Amended Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants admit that certain groups of individuals, including those with specific underlying medical conditions, may be at higher risk of contracting serious illness due to COVID-19. The CoreCivic Defendants affirmatively assert that data regarding risk factors has continually evolved since the inception of the pandemic, and that much was unknown about those risk factors early on. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

76. In answering Section IV, Paragraph 76 of Plaintiffs' Third Amended Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation

and/or expert opinion. The CoreCivic Defendants admit that certain groups of individuals, including those with specific underlying medical conditions, may be at higher risk of contracting serious illness due to COVID-19. The CoreCivic Defendants affirmatively assert that data regarding risk factors has continually evolved since the inception of the pandemic, and that much was unknown about those risk factors early on. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

77. In answering Section IV, Paragraph 77 of Plaintiffs' Third Amended Complaint, this Paragraph contains generalized and unverified statements regarding COVID-19 and the COVID-19 pandemic that require a case-by-case evaluation and/or expert opinion. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

78. In answering Section IV, Paragraph 78 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny all allegations.

79. In answering Section IV, Paragraph 79 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives. The CoreCivic Defendants did not negligently or deliberately cause the decedent or any OMDC detainee to become infected with COVID-19 or negligently or deliberately cause the decedent's death. Nor did they fail to "ameliorate conditions" until after the decedent died. All remaining allegations not expressly admitted by the CoreCivic Defendants in this Paragraph are denied.

80. In answering Section IV, Paragraph 80 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a

belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as Plaintiffs have failed to provide citations for the statistics they reference.

81.  In answering Section IV, Paragraph 81 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as no dates or specific reference to "government agencies" are specified by Plaintiffs. The CoreCivic Defendants admit that in general, certain governmental entities subscribed to "shelter in place" and social distancing mitigation recommendations.

82.  In answering Section IV, Paragraph 82 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as Plaintiffs failed to provide citations for the allegations made.  The CoreCivic Defendants affirmatively assert that OMDC is not located in the City and County of San Francisco or "five other Bay Area counties and the City of Berkeley" and so any alleged "shelter in place" orders or social distancing mandates were not applicable to OMDC or OMDC staff.

83.  In answering Section IV, Paragraph 83 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that Governor Gavin Newsom issued a stay at home order to protect the health and well-being of all Californians and to establish consistency across the state in order to slow the spread of COVID-19.

84.  In answering Section IV, Paragraph 84 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives.  The CoreCivic Defendants did not negligently or deliberately cause the decedent to become infected with COVID-19

or negligently or deliberately cause the decedent's death. All remaining allegations not expressly admitted by the CoreCivic Defendants in this Paragraph are denied.

85. In answering Section IV, Paragraph 85 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay and lack foundation and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations and affirmatively assert that the alleged statement is without foundation. The CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives. The CoreCivic Defendants did not negligently cause the decedent to become infected with COVID-19 or negligently cause the decedent's death. The CoreCivic Defendants further affirmatively allege that the community, the United States, and countries around the world were not able to prevent COVID-19 transmission and spread.

86. In answering Section IV, Paragraph 86 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay and lack foundation and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them as the website citation referenced only provides statistics generated by ICE as of the current date, not the specified dates in 2020 referred to by Plaintiffs. The CoreCivic Defendants also affirmatively assert that they were not privy to information related to the COVID-19 status of ICE employees.

87. In answering Section IV, Paragraph 87 of Plaintiffs' Third Amended Complaint, this Paragraph is so vague and conclusory that the CoreCivic Defendants cannot adequately respond to it, and no response is being provided.

CoreCivic Defendants' Answer to                    17                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

The CoreCivic Defendants affirmatively assert that they took appropriate measures to manage and prevent COVID-19 at OMDC based on what was known about the COVID-19 pandemic at the time, pursuant to applicable CDC guidelines and recommendations and ICE directives. The CoreCivic Defendants affirmatively assert that they did not negligently or deliberately cause the decedent to become infected with COVID-19 and did not negligently or deliberately cause the decedent's death.

88.     In answering Section IV, Paragraph 88 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

89.     In answering Section IV, Paragraph 89 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

90.     In answering Section IV, Paragraph 90 of Plaintiffs' Third Amended Complaint, CoreCivic never represented that it provided face masks or gloves to its entire staff at OMDC.  In March 2020, gloves were readily available for staff use in the normal course and scope of their duties. OMDC staff were also permitted to wear face masks if they chose to, but were not required to do so.  This practice was consistent with CDC guidelines. Initially, the CDC did not recommend that individuals who were well wear face masks to protect themselves or others from exposure to COVID-19.  As guidance from the CDC changed in this regard, so did OMDC operations.  By the third week of March 2020, use of masks by staff working in protective cohort or quarantine pods was required.  As of April 15, 2020, consistent with CDC guidelines and during the relevant time period, OMDC staff were required to wear masks while on duty.  Masks were provided to all OMDC detainees starting on April 10, 2020.

91.     In answering Section IV, Paragraph 91 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations as no time period is provided.  The CoreCivic Defendants deny any allegations that masks were not authorized to prevent "caus[ing] CoreCivic to go over budget."  The CoreCivic

Defendants affirmatively allege that in March 2020, gloves were readily available for staff use in the normal course and scope of their duties. OMDC staff were also permitted to wear face masks if they chose to, but were not required to do so. This practice was consistent with CDC guidelines. Initially, the CDC did not recommend that individuals who were well wear face masks to protect themselves or others from exposure to COVID-19. As guidance from the CDC changed in this regard, so did OMDC operations. By the third week of March 2020, use of masks by staff working in protective cohort or quarantine pods was required. As of April 15, 2020, consistent with CDC guidelines and during the relevant time period, OMDC staff were required to wear masks while on duty. Masks were provided to all OMDC detainees starting on April 10, 2020.

92. In answering Section IV, Paragraph 92 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that they discouraged CoreCivic employees from wearing masks during this timeframe. Beginning in mid-April 2020, all staff were required to wear masks at OMDC prior to gaining admittance into the facility. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

93. In answering Section IV, Paragraph 93 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

94. In answering Section IV, Paragraph 94 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that during the relevant time period detainees participating in the Voluntary Work Program as pod porters cleaned and disinfected the housing unit dayroom areas and communal restrooms throughout the day with HDQ Neutral disinfectant. Showers, as well as high-use hard surfaces (such as

CoreCivic Defendants' Answer to          19          Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

tables, door handles, telephones, and kiosks), were disinfected on an hourly basis. Detainees also had unfettered access to cleaning supplies in their pods and could use those cleaning supplies if they wished. The CoreCivic Defendants affirmatively assert that during the relevant time period, the communal dining hall was not used and detainees were fed in their housing units to prevent transmission of COVID-19 and intermixing of detainees from different housing locations. Likewise, the detainee Voluntary Work Program for kitchen and laundry workers ceased and these operations were taken over by staff to prevent transmission of COVID-19, intermixing of detainees from different housing locations, and to restrict all non-medical/non-essential movement of detainees from their assigned housing locations. All other allegations that are not expressly admitted in this Paragraph are denied.

95. In answering Section IV, Paragraph 95 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

96. In answering Section IV, Paragraph 96 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that as of mid-April 2020, employee time clocks were adjusted so that employees were no longer required to use their finger prints to gain entry into the facility or to clock in or clock out for their shifts.

97. In answering Section IV, Paragraph 97 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

98. In answering Section IV, Paragraph 98 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

99. In answering Section IV, Paragraph 99 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

100. In answering Section IV, Paragraph 100 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

101. In answering Section IV, Paragraph 101 of Plaintiffs' Third

Complaint, the CoreCivic Defendants deny the allegations.

102. In answering Section IV, Paragraph 102 of Plaintiffs' Third Complaint, the CoreCivic Defendants deny the allegations.

103. In answering Section IV, Paragraph 103 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

104. In answering Section IV, Paragraph 104 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are vague and are based on inadmissible hearsay such that no response is required, and none is provided. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

105. In answering Section IV, Paragraph 105 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are vague and are based on inadmissible hearsay such that no response is required, and none is provided. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

106. In answering Section IV, Paragraph 106 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are vague and are based on inadmissible hearsay such that no response is required, and none is provided. To the extent a response is required, it is unclear which "CoreCivic officers" asked for clean rags, wipes, and/or gels or were "not taken seriously," and therefore all allegations in this Paragraph are denied. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

107. In answering Section IV, Paragraph 107 of Plaintiffs' Third Amended

CoreCivic Defendants' Answer to                    21                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

Complaint, the CoreCivic Defendants affirmatively assert that during the relevant time period detainees participating in the Voluntary Work Program as pod porters cleaned and disinfected the housing unit dayroom areas and communal restrooms throughout the day with HDQ Neutral disinfectant.  The CoreCivic Defendants deny that the disinfectant solution provided was "watered down."  To the contrary, the solution was specifically titrated with water per the manufacturer's instructions. The CoreCivic Defendants deny all remaining allegations.

108.   In answering Section IV, Paragraph 108 of Plaintiffs' Third Amended Complaint, the allegations contained in this Paragraph are so vague and conclusory that the CoreCivic Defendants cannot adequately respond to them.  To the extent a response is required, these allegations are based on inadmissible hearsay such that no response is required, and none is provided.   The CoreCivic Defendants affirmatively assert that it is unclear what alleged detainees reported that rags were dirty and that the same towels could not be used on multiple surfaces, and therefore all allegations in this Paragraph are denied.   The CoreCivic Defendants affirmatively assert that detainees were provided with proper cleaning supplies, including rags, paper towels, and disinfectant chemicals.

109.   In answering Section IV, Paragraph 109 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

110.   In answering Section IV, Paragraph 110 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny these allegations. The CoreCivic Defendants affirmatively allege that as of April 26, 2020, the facility was operating at less than 50% capacity and detainees could easily maintain physical distance if they wished, and OMDC staff frequently encouraged detainees to do so.  As to the distance of bunks that are affixed to the ground and not moveable, reasonable efforts were made to reduce cell occupation and detainees were permitted and encouraged to sleep head to feet to create appropriate physical distance while sleeping.  All other allegations in this Paragraph are denied.

CoreCivic Defendants' Answer to                    22                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

111.   In answering Section IV, Paragraph 111 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

112.   In answering Section IV, Paragraph 112 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

113.   In answering Section IV, Paragraph 113 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants affirmatively allege that OMDC screened all individuals who entered the facility for COVID-19, which included taking everyone's temperature, in the OMDC lobby immediately upon entrance.  The CoreCivic Defendants deny that this practice "increased the risk of transmission," and this conclusory allegation calls for an expert opinion to which no response is required, and none is provided.

114.   In answering Section IV, Paragraph 114 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

115.   In answering Section IV, Paragraph 115 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that the first CoreCivic employee assigned to OMDC tested positive for COVID-19 on March 30, 2020.

116.   In answering Section IV, Paragraph 116 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that the first CoreCivic employee assigned to OMDC tested positive for COVID-19 on March 30, 2020.  The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

117.   In answering Section IV, Paragraph 117 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants lack sufficient information to form a belief as to the truth of the allegations and therefore deny them.  The CoreCivic Defendants specifically deny any and all allegations contained in unidentified reports, news stories, or media outlet postings.

118.   In answering Section IV, Paragraph 118 of Plaintiffs' Third Amended

Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the hearsay allegations offered by a former staff member as asserted in this Paragraph and therefore deny them.

119.   In answering Section IV, Paragraph 119 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.   The CoreCivic Defendants affirmatively assert that some detainees threatened to go on a hunger strike, but ultimately accepted their meals, and no hunger strike was carried out.

120.   In answering Section IV, Paragraph 120 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

121.   In answering Section IV, Paragraph 121 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.   The CoreCivic Defendants affirmatively assert that some detainees threatened to go on a hunger strike, but ultimately accepted their meals, and no hunger strike was carried out.

122.   In answering Section IV, Paragraph 122 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are based on inadmissible hearsay to which no response is required, and none is provided.   To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

123.   In answering Section IV, Paragraph 123 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are based on inadmissible hearsay to which no response is required, and none is provided.   To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny

CoreCivic Defendants' Answer to                    24                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

them.

124.   In answering Section IV, Paragraph 124 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

125.   In answering Section IV, Paragraph 125 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that on April 10, 2020, which is the first date that masks were provided to detainees, some detainees were provided a waiver that advised them that CoreCivic could not guarantee that wearing a mask would ensure they did not contract COVID-19.  The CoreCivic Defendants deny that the waiver was a contract, and the waiver was discontinued after April 10, 2020.  The CoreCivic Defendants are without sufficient information to form a belief as to the remaining allegations and therefore deny them.

126.   In answering Section IV, Paragraph 126 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the remaining allegations and therefore deny them.

127.   In answering Section IV, Paragraph 127 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

128.   In answering Section IV, Paragraph 128 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

129.   In answering Section IV, Paragraph 129 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

130.   In answering Section IV, Paragraph 130 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are not medical providers and did not provide medical care to detainees at OMDC during the relevant timeframe.  As non-medical personnel, the CoreCivic Defendants could not medically assess and/or diagnose

the decedent, nor could they have unilaterally transported him to a hospital without first obtaining authorization from qualified medical personnel. The remaining causation allegations improperly call for expert opinion and are therefore denied.

131.   In answering Section IV, Paragraph 131 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are based on inadmissible hearsay to which no response is required, and none is provided.  To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

132.   In answering Section IV, Paragraph 132 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are based on inadmissible hearsay to which no response is required, and none is provided.  To the extent a response is required, it is denied that CoreCivic or any of its employees failed to "handl[e] sick cards" or to provide the decedent with access to medical care.  To the contrary, this Paragraph admits that the decedent submitted sick call requests and was seen by medical personnel. The CoreCivic Defendants affirmatively assert that IHSC and/or its contractor(s) provided healthcare to all detainees at OMDC during the relevant timeframe, and that the CoreCivic Defendants were not medical providers and were not involved in the decedent's healthcare.  All remaining allegations that are not specifically admitted are denied.

133.   In answering Section IV, Paragraph 133 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required.  To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

134.   In answering Section IV, Paragraph 134 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than

the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

135. In answering Section IV, Paragraph 135 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

136. In answering Section IV, Paragraph 136 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

137. In answering Section IV, Paragraph 137 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, it is affirmatively alleged that CoreCivic employees were not trained medical providers and could not monitor and/or take any detainee's vital signs. Nor could they make the determination whether a detainee should be sent out to a hospital. The CoreCivic Defendants are thus without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

138. In answering Section IV, Paragraph 138 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

139. In answering Section IV, Paragraph 139 of Plaintiffs' Third Amended

CoreCivic Defendants' Answer to                    27                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

Complaint, the CoreCivic Defendants admit that IHSC was responsible for contracting, staffing, and oversight of any medical and mental health services at OMDC during the relevant timeframe. The CoreCivic Defendants affirmatively assert that IHSC and/or its contractor(s) provided healthcare to all detainees at OMDC during the relevant timeframe.

140. In answering Section IV, Paragraph 140 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that IHSC was responsible for contracting, staffing, and oversight of any medical and mental health services at OMDC during the relevant timeframe. The CoreCivic Defendants affirmatively assert that IHSC and/or its contractor(s) provided healthcare to all detainees at OMDC during the relevant timeframe.

141. In answering Section IV, Paragraph 141 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that IHSC was responsible for contracting, staffing, and oversight of any medical and mental health services at OMDC during the relevant timeframe. The CoreCivic Defendants affirmatively assert that IHSC and/or its contractor(s) provided healthcare to all detainees at OMDC during the relevant timeframe.

142. In answering Section IV, Paragraph 142 of Plaintiffs' Third Amended Complaint, there were numerous agreements and addendums entered into between ICE and CoreCivic regarding the provision of services at OMDC and it is unclear what specifically Plaintiffs are referencing, which precludes the CoreCivic Defendants from specifically responding to this Paragraph. The CoreCivic Defendants affirmatively assert that CoreCivic had a duty to provide detainees with reasonable access to medical care at OMDC during the relevant timeframe.

143. In answering Section IV, Paragraph 143 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny that they had a duty to provide proper medical care and "necessary facilitation of care"

CoreCivic Defendants' Answer to
Plaintiffs' Third Amended Complaint

28

Case No. 20-cv-2454- L-KSC

to the decedent where IHSC and/or its contractor(s) provided healthcare services at the facility. The CoreCivic Defendants affirmatively assert that they had a duty to provide detainees with reasonable access to healthcare at OMDC, and that at no time did the CoreCivic Defendants, or any CoreCivic employee, breach this duty to the decedent.

144. In answering Section IV, Paragraph 144 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny them.

145. In answering Section IV, Paragraph 145 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny that detainees were only fed bologna and crackers for every meal and that "virtually all kitchen staff preparing the food were eventually stricken with the virus." The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

146. In answering Section IV, Paragraph 146 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

147. In answering Section IV, Paragraph 147 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations that the decedent was not provided with medical care. They also deny any and all allegations that the decedent suffered economic losses, including expenditures for commissary items and telephone calls, as a result of the CoreCivic Defendants' alleged conduct. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

148. In answering Section IV, Paragraph 148 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

149. In answering Section IV, Paragraph 149 of Plaintiffs' Third Amended

Complaint, the CoreCivic Defendants deny the allegations.

150. In answering Section IV, Paragraph 150 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit only that the decedent was transported offsite to a hospital on April 24, 2020. The CoreCivic Defendants deny all remaining allegations.

151. In answering Section IV, Paragraph 151 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. Moreover, Plaintiffs' federal constitutional claims have been dismissed. (*See* Dkt. 74, 89.) To the extent a response is required, the CoreCivic Defendants deny them.

152. In answering Section IV, Paragraph 152 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants admit only that IHSC and/or its contractor(s) had designated the decedent as medically vulnerable to serious COVID-19 related illness. The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

153. In answering Section IV, Paragraph 153 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them.

154. The CoreCivic Defendants admit Section IV, Paragraph 154.

155. In answering Section IV, Paragraph 155 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny

them.

156. In answering Section IV, Paragraph 156 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph as Plaintiffs fail to reference citations to the date or statements alleged and therefore deny them.

157. In answering Section IV, Paragraph 157 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants affirmatively assert that because ICE had legal custody of the decedent, the CoreCivic Defendants were not tasked with nor was it appropriate for them to contact the decedent's family after his death.

158. In answering Section IV, Paragraph 158 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph as no citation is provided and therefore deny them.

159. In answering Section IV, Paragraph 159 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph because no date for the purported letter sent from Senator Feinstein was cited and therefore deny them.

160. In answering Section IV, Paragraph 160 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

161. In answering Section IV, Paragraph 161 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

162. In answering Section IV, Paragraph 162 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants are without sufficient information to form a belief as to the truth of the allegations asserted in this Paragraph and therefore deny them. The CoreCivic Defendants specifically deny that inadequate precautions were implemented at OMDC, or that they placed individual lives at risk because

they tested positive for COVID-19.

163. In answering Section IV, Paragraph 163 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. Moreover, Plaintiffs' federal constitutional claims have been dismissed. (*See* Dkt. 74, 89.) To the extent a response is required, the CoreCivic Defendants deny them. It is specifically denied that the CoreCivic Defendants deliberately delayed and/or refused to provide any detainee at OMDC, including the decedent, with reasonable conditions of confinement and/or access to medical care, or that they caused 111 detainees at OMDC to become infected with COVID-19.

164. In answering Section IV, Paragraph 164 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny that they had inadequate masks to provide the detainee population and staff. Defendants admit that for legitimate safety and security reasons, donations of face masks from the community were not accepted and were not needed.

165. The CoreCivic Defendants admit Section IV, Paragraph 165.

166. In answering Section IV, Paragraph 166 of Plaintiffs' Third Amended Complaint, to the extent this Paragraph references ICE's COVID-19 Pandemic Response Requirements ("PRR"), the PRR speaks for itself.

167. In answering Section IV, Paragraph 167 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that the PRR applied to OMDC.

168. In answering Section IV, Paragraph 168 of Plaintiffs' Third Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required. To the extent a response is required, the CoreCivic Defendants admit only that the number of ICE detainees who tested positive for COVID-19 (or were suspected to be COVID-19-positive and provided with a rapid test) were reported to the ERO on the same date and that detainee COVID-19-positive information was provided to the county health department. The CoreCivic Defendants deny that reporting requirements were "immediate" or

that they were required to report this information the instant results were received.

169.   In answering Section IV, Paragraph 169 of Plaintiffs' Third Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required.   To the extent a response is required, the CoreCivic Defendants deny the allegations because IHSC and/or its contractor(s), not CoreCivic, provided healthcare services during the relevant time period, including assessments to determine if detainees were considered "vulnerable" to potential serious illness caused by COVID-19.   The CoreCivic Defendants were not medical providers and could not identify "vulnerable" detainees.   The CoreCivic Defendants were not in possession, custody, or control of the decedent's medical records or medical history, and therefore could not identify him as "vulnerable" either.

170.   In answering Section IV, Paragraph 170 of Plaintiffs' Third Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required.   To the extent a response is required, the CoreCivic Defendants admit only that it was evident upon visual observation that the decedent had a partial limb amputation.   The CoreCivic Defendants deny any reporting duties alleged in this Paragraph as IHSC and/or its contractor(s), not CoreCivic, provided healthcare services during the relevant time period to include assessments to determine if detainees were considered "vulnerable" to COVID-19-related serious illness.   The CoreCivic Defendants were not in possession, custody, or control the decedent's medical records or medical history.

171.   In answering Section IV, Paragraph 171 of Plaintiffs' Third Amended Complaint, to the extent this Paragraph references the PRR, the PRR speaks for itself, and no response is required.   The CoreCivic Defendants deny that they were involved in any review(s) conducted by ERO pertaining to detainee release and/or deportation determinations.

172.   In answering Section IV, Paragraph 172 of Plaintiffs' Third Amended

CoreCivic Defendants' Answer to          33          Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants further deny that they had any alleged reporting duties or that they were involved in any review(s) conducted by ERO pertaining to detainee release and/or deportation determinations.

173. In answering Section IV, Paragraph 173 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny them.

174. In answering Section IV, Paragraph 174 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required. To the extent a response is required, the CoreCivic Defendants deny them.

175. In answering Section IV, Paragraph 175 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants admit that as of April 10, 2020, they provided hygiene supplies, PPE, and masks as appropriate for staff and detainees. The CoreCivic Defendants deny that they were required to require ICE detainees to wear face masks at all times insofar as the requirement was enforced by physical force, discipline, or any form of punishment. Rather, detainees were encouraged, but not required, to wear face masks in their living units. Detainees who left their living units were required to wear face masks.

176. In answering Section IV, Paragraph 176 of Plaintiffs' Third Amended Complaint, this Paragraph appears to contain an excerpt from the PRR. The PRR speaks for itself, and no response is required.

177. In answering Section IV, Paragraph 177 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

178. The CoreCivic Defendants admit Section IV, Paragraph 178.

179. In answering Section IV, Paragraph 179 of Plaintiffs' Third Amended Complaint, the September 14, 2021 Department of Homeland Security Office of

Inspector General ("DHS OIG") Report speaks for itself.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants affirmatively assert that the September 14, 2021 DHS OIG Report was based on a remote inspection conducted between February 2021 and April 2021, and is thus irrelevant to the timeframe at issue in Plaintiffs' Third Amended Complaint.  The CoreCivic Defendants further assert that most of the substantive findings in the referenced Report in no way relate to and/or impact the claims or allegations in this case.

180.   In answering Section IV, Paragraph 180 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

181.   In answering Section IV, Paragraph 181 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

182.   In answering Section IV, Paragraph 182 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

183.   In answering Section IV, Paragraph 183 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

184.   In answering Section IV, Paragraph 184 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

185.   In answering Section IV, Paragraph 185 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

186.   In answering Section IV, Paragraph 186 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to

Paragraph 179, above.

187. In answering Section IV, Paragraph 187 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

188. In answering Section IV, Paragraph 188 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

189. In answering Section IV, Paragraph 189 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

190. In answering Section IV, Paragraph 190 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

191. In answering Section IV, Paragraph 191 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

192. In answering Section IV, Paragraph 192 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

193. In answering Section IV, Paragraph 193 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 179, above.

194. In answering Section IV, Paragraph 194 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

195. In answering Section IV, Paragraph 195 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph contain and/or are based on inadmissible hearsay to which no response is required. Moreover, Plaintiffs have not asserted an understaffing claim and allegations regarding understaffing are thus

irrelevant to the claims in this lawsuit.  To the extent a response is required, the CoreCivic Defendants deny that OMDC was understaffed, purposefully understaffed to save money, or that it was difficult for officers to monitor units or escort detainees to the medical unit.  Moreover, the CoreCivic Defendants deny that the testimony referred to is relevant to either the time period at issue or the allegations in the Third Amended Complaint, having preceded the COVID-19 pandemic and the relevant time period at issue by years.  Rather, it is believed these allegations were copied directly from a lawsuit filed against the United States of America and CoreCivic.  *See Estate of Gerardo Cruz-Sanchez, et al. v. United States of America, et al.*, No. 17-CV-569-AJB-NLS (S.D. Cal. 2017).  In addition to the claims dismissed at summary judgment, CoreCivic obtained a defense verdict on all claims asserted against it at trial.  There is thus no merit to the allegations asserted in this Paragraph, and the CoreCivic Defendants deny them to the extent they infer any potential liability.

196.  In answering Section IV, Paragraph 196 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 195, above.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(By the Estate Against UNITED STATES, CORECIVIC, LAROSE, ROEMMICH, STG, BE-EMNET, and ROES 2-6 and ROES 8-10)**

197.  Count I, Paragraph 197 is an incorporation paragraph to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations.

198.  In answering Count I, Paragraph 198 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants affirmatively assert that they had a duty to

CoreCivic Defendants' Answer to    37    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

act with reasonable care under the circumstances. At no time did they breach this duty to the decedent.

199. In answering Count I, Paragraph 199 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants affirmatively assert that they did not have a duty to ensure the decedent was provided with adequate medical treatment where the CoreCivic Defendants were not medical providers and all healthcare services were provided by IHSC and/or its contractor(s), not CoreCivic.

200. In answering Count I, Paragraph 200 of Plaintiffs' Third Amended Complaint, the Court dismissed Plaintiffs' negligent training claim, and therefore no response is required (*see* Dkt. 57 at 8–10). To the extent a response is required, the CoreCivic Defendants deny the allegations.

201. In answering Count I, Paragraph 201 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied that the CoreCivic Defendants failed to adhere to the PRR or breached any duty to the decedent. The CoreCivic Defendants affirmatively assert OMDC complied with the applicable mandates set forth in the PRR.

202. In answering Count I, Paragraph 202 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied that the CoreCivic Defendants breached any duty to the decedent. The CoreCivic Defendants affirmatively assert that detainees at OMDC were housed in reasonable and sanitary conditions.

203. In answering Count I, Paragraph 203 of Plaintiffs' Third Amended Complaint, this Paragraph contains allegations regarding a detainee death at OMDC that are entirely irrelevant to the claims at issue in this case. In addition, it is

believed these allegations were copied directly from a lawsuit filed against the United States of America and CoreCivic. *See Estate of Gerardo Cruz-Sanchez, et al. v. United States of America, et al.*, No. 17-CV-569-AJB-NLS (S.D. Cal. 2017). In addition to the claims dismissed at summary judgment, CoreCivic obtained a defense verdict on all claims asserted against it at trial. There is thus no merit to the allegations asserted in this Paragraph, and the CoreCivic Defendants deny them to the extent they infer any potential liability in this case.

204. In answering Count I, Paragraph 204 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants incorporate by reference its response to Paragraph 203, above.

205. In answering Count I, Paragraph 205 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent a response is required, the CoreCivic Defendants deny the allegations.

206. In answering Count I, Paragraph 206 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent a response is required, the CoreCivic Defendants deny the allegations.

207. In answering Count I, Paragraph 207 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent a response is required, the CoreCivic Defendants deny the allegations.

208. In answering Count I, Paragraph 208 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required and none is

provided.  To the extent a response is required, the CoreCivic Defendants deny the allegations.

209.  In answering Count I, Paragraph 209 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at a Defendant other than the CoreCivic Defendants and therefore no response is required and none is provided.  To the extent a response is required, the CoreCivic Defendants deny the allegations.

210.  In answering Count I, Paragraph 210 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.  This Paragraph also contains reference to the National Detention Standards, which speaks for itself.  To the extent a response is required, the CoreCivic Defendants deny the allegations.

211.  In answering Count I, Paragraph 211 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.  This Paragraph also contains reference to the National Detention Standards, which speaks for itself.  To the extent a response is required, the CoreCivic Defendants deny the allegations.

212.  In answering Count I, Paragraph 212 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

213.  In answering Count I, Paragraph 213 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed to Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided. To the extent this Paragraph is directed towards the CoreCivic Defendants, the CoreCivic Defendants deny that they had any duty or obligation to train or supervise nursing and/or medical staff at OMDC. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or

CoreCivic Defendants' Answer to                40                Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

that they negligently caused or contributed to the decedent's death.

214. In answering Count I, Paragraph 214 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death.

215. In answering Count I, Paragraph 215 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused or contributed to the decedent's death. The CoreCivic Defendants also deny that the decedent suffered economic damages after being infected with COVID-19.

216. In answering Count I, Paragraph 216 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny that Plaintiffs are entitled to punitive damages.

### SECOND CAUSE OF ACTION
### WRONGFUL DEATH (CCP 377.60)
**(By Plaintiffs Rosa Escobar, Maribel Escobar and Juan Escobar Against UNITED STATES, CORECIVIC, LAROSE, ROEMMICH, STG, BE-EMNET, ROES 2-6 and ROES 8-10)**

217. Count II, Paragraph 217 is an incorporation paragraph to which no response is required. To the extent a response is required, the CoreCivic Defendants deny the allegations.

218. In answering Count II, Paragraph 218 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

219. In answering Count II, Paragraph 219 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or

that they negligently caused the decedent's death.

220. In answering Count II, Paragraph 220 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

221. In answering Count II, Paragraph 221 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

222. In answering Count II, Paragraph 222 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

223. In answering Count II, Paragraph 223 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required, and none is provided. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

224. In answering Count II, Paragraph 224 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required, and none is provided. To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

225. In answering Count II, Paragraph 225 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required, and none is

provided.  To the extent a response is required, the CoreCivic Defendants deny the allegations. The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

226.  In answering Count II, Paragraph 226 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

227.  In answering Count II, Paragraph 227 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.  The CoreCivic Defendants further deny that neither Defendant LaRose nor Defendant Roemmich were negligent, which does not give rise to CoreCivic's liability as their employer under a theory of *respondeat superior.*

228.  In answering Count II, Paragraph 228 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required, and none is provided.

229.  In answering Count II, Paragraph 229 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they breached any duty of care to the decedent or that they negligently caused the decedent's death.

### THIRD CAUSE OF ACTION
### BANE ACT
### (By the Estate of Carlos Escobar Against UNITED STATES, CORECIVIC, LAROSE, ROEMMICH, STG, BE-EMNET, ROES 2-6 and ROES 8-10)

230.  Count III, Paragraph 230 is an incorporation paragraph to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny it.

231.   In answering Count III, Paragraph 231 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

232.   In answering Count III, Paragraph 232 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

233.   In answering Count III, Paragraph 233 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

234.   In answering Count III, Paragraph 234 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

235.   In answering Count III, Paragraph 235 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or

United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

236.   In answering Count III, Paragraph 236 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

237.   In answering Count III, Paragraph 237 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

238.   In answering Count III, Paragraph 238 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

239.   In answering Count III, Paragraph 239 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or

United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

240.   In answering Count III, Paragraph 240 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations that the decedent's requests for medical care were ignored by CoreCivic employees.  The CoreCivic Defendants are without sufficient information to form a belief as to the truth of the remaining allegations asserted in this Paragraph and therefore deny them.

241.   In answering Count III, Paragraph 241 of Plaintiffs' Third Amended Complaint, the CoreCivic Defendants deny the allegations.

242.   In answering Count III, Paragraph 242 of Plaintiffs' Third Amended Complaint, the allegations in this Paragraph are directed at Defendants other than the CoreCivic Defendants and therefore no response is required and none is provided.

243.   In answering Count III, Paragraph 243 of Plaintiffs' Third Amended Complaint, this Paragraph calls for a legal conclusion to which no response is required.  To the extent a response is required, the CoreCivic Defendants deny the allegations.  The CoreCivic Defendants specifically deny that they violated and/or interfered with any of the decedent's constitutional rights under the California or United States Constitutions or state or federal law, or that any alleged violation caused or contributed to the decedent's death.

## PUNITIVE DAMAGES

In answering Plaintiffs' request for punitive damages, the CoreCivic Defendants deny that Plaintiffs are entitled to punitive damages.

## REQUEST FOR RELIEF

In answering Plaintiffs' Prayer for Relief, the CoreCivic Defendants deny that Plaintiffs are entitled to any relief, whether compensatory, nominal, and/or punitive, or that they have suffered any compensable damage or injury.  The

CoreCivic Defendants also deny that Plaintiffs are entitled to expenses, costs or fees, or any other relief.

## **AFFIRMATIVE DEFENSES**

1.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

2.    As a separate defense or in the alternative, the CoreCivic Defendants allege that all or some of Plaintiffs' claims may be barred by the applicable statute of limitations.

3.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiff(s) lack standing to pursue their claims.

4.    As a separate defense or in the alternative, the CoreCivic Defendants allege that they are entitled to all privileges and immunities under California and/or federal law.

5.    As a separate defense or in the alternative, the CoreCivic Defendants allege that CoreCivic, as a government contractor, is entitled to derivative and qualified immunity, including but not limited to intergovernmental immunity, derivative sovereign immunity, and preemption.

6.    As a separate defense or in the alternative, the CoreCivic Defendants allege that they were not negligent and did not breach any duty owed to the decedent.

7.    As a separate defense or in the alternative, the CoreCivic Defendants allege that no CoreCivic employee was negligent or breached any duty owed to the decedent.

8.    As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not violate any applicable standard of care.

9.    As a separate defense or in the alternative, the CoreCivic Defendants allege that the operation of OMDC was at all times consistent with the applicable

CoreCivic Defendants' Answer to                47                Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

standard of care.

10.    As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions alleged on the part of the CoreCivic Defendants (and/or their employees/subordinates) were not the actual and/or proximate cause of any injuries, losses, and/or damages to the decedent and/or Plaintiffs, thereby barring recovering.

11.    As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions alleged on the part of the CoreCivic Defendants (and/or their employees/subordinates) were not a substantial factor in causing the decedent's death.

12.    As a separate defense or in the alternative, the CoreCivic Defendants allege that the decedent did not incur economic damages as a result of his contracting COVID-19.

13.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs suffered no actual injuries and/or damages.

14.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs and/or the decedent failed to mitigate their damages, if any.

15.    As a separate defense or in the alternative, the CoreCivic Defendants allege that the decedent assumed the risk.

16.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries, if any, were caused by a third party over whom the CoreCivic Defendants had no control.

17.    As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries, if any, were proximately caused by an independent or superseding cause for which they are not liable.

18.    As a separate defense or in the alternative, the CoreCivic Defendants allege that they acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

CoreCivic Defendants' Answer to                48            Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

19. As a separate defense, or in the alternative, the CoreCivic Defendants allege that the decedent was contributorily negligent, thereby barring or significantly reducing recovery.

20. As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not negligently supervise any CoreCivic employee.

21. As a separate defense or in the alternative, the CoreCivic Defendants allege that CoreCivic did not know or have any reason to believe that any CoreCivic employee was unfit.

22. As a separate defense or in the alternative, the CoreCivic Defendants allege that at no time did CoreCivic fail to use reasonable care to discover an employee's unfitness.

23. As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs have failed to state a claim against any individual CoreCivic employee, thus precluding any vicarious liability on behalf of CoreCivic as their employer.

24. As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs' and/or the decedent's injuries or losses, if any, were the result of the negligence or intentional act(s) of individuals not employed by CoreCivic, thereby reducing or eliminating any damages owed by the CoreCivic Defendants.

25. As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs are precluded from recovering punitive damages.

26. As a separate defense or in the alternative, the CoreCivic Defendants allege that Plaintiffs have failed to adequately state a claim under the Bane Act, Cal. Civ. Code § 52.1.

27. As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not interfere and/or attempt to interfere by threat, intimidation, or coercion with the exercise or enjoyment by the decedent or the decedent's rights secured by the Constitution or laws of the United States, or of the rights secured by

CoreCivic Defendants' Answer to                    49                    Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

the Constitution or laws of the State of California.

28. As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not violate any of the decedent's constitutional rights under the California or United States constitutions or state or federal law, thereby precluding Plaintiffs' Bane Act claim.

29. As a separate defense or in the alternative, the CoreCivic Defendants allege that they did not act with specific intent, thereby precluding Plaintiffs' Bane Act claim.

30. As a separate defense or in the alternative, the CoreCivic Defendants allege that any actions or inactions attributed to them were based upon legitimate penological purposes.

31. As a separate defense or in the alternative, the CoreCivic Defendants allege that they were acting with good, sufficient, and probable cause to be so acting, and that their actions and/or inactions were performed in good faith and without malice.

32. As a separate defense or in the alternative, the CoreCivic Defendants were not subjectively aware of and did not consciously disregard a substantial risk of harm to the decedent and therefore did not act with deliberate indifference.

33. As a separate defense or in the alternative, the CoreCivic Defendants allege that ICE detainees are not express or implied third-party beneficiaries to detention contracts between ICE and CoreCivic or the PRR and thus allegations of violations of contractual terms are not a basis for liability.

34. As a separate defense or in the alternative, the CoreCivic Defendants allege that alleged violations of OMDC policies and procedures is not evidence of constitutional violations, violations of the applicable standard of care, or violations of the applicable detention services contract or the PRR and thus is not a basis for liability.

35. As a separate defense or in the alternative, the CoreCivic Defendants

allege that OMDC provided a grievance process for detainee complaints regarding conditions of confinement and delivery of healthcare services and the decedent failed to avail himself of the process.

36.     As a separate defense and in the alternative, the CoreCivic Defendants allege they made a good faith effort to mitigate and prevent the spread of COVID-19 among the detainee population at OMDC by implementing effective policies, procedures, and practices.

37.     As a separate defense and in the alternative, the CoreCivic Defendants allege that the conditions of detention at OMDC were safe, sanitary, and did not violate any constitutional, statutory, or health/safety/corrections industry standards.

38.     The CoreCivic Defendants reserve the right to amend their Answer to Plaintiffs' Third Amended Complaint to assert additional defenses, withdraw defenses, and/or add counterclaims as may become necessary after reasonable opportunity, or discovery has occurred, up to and including trial in this matter.

39.     Although the CoreCivic Defendants do not presently have facts in support of the following defenses, they wish to assert the following defenses should subsequent discovery reveal they are appropriate: estoppel, fraud, illegality, release, res judicata, and waiver.

WHEREFORE, the CoreCivic Defendants request the following relief:

1.     Dismissal of Plaintiffs' Third Amended Complaint, with prejudice, with Plaintiffs taking nothing.

2.     Judgment in favor of the CoreCivic Defendants and against Plaintiffs.

3.     That the CoreCivic Defendants be awarded costs and reasonable attorney's fees incurred.

4.     Such other relief the Court deems just and proper.

## **JURY TRIAL DEMAND**

The CoreCivic Defendants demand a jury trial on all triable issues.

Dated:  June 27, 2023          By s/ Dana M. Keene

Dana M. Keene
Daniel P. Struck*
Rachel Love*
Jamie D. Guzman*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler Arizona  85226
dkeene@strucklove.com
dstruck@strucklove.com
Rlove@strucklove.com
jguzman@strucklove.com
*Admitted Pro Hac Vice

WITHAM MAHONEY & ABBOTT, LLP
Matt Mahoney, Esq., CA Bar # 211184
401 B Street, Suite 2220
San Diego, CA 92101
mahoney@wmalawfirm.com

Attorneys for Defendants CoreCivic of Tennessee LLC, C. LaRose, and J. Roemmich

CoreCivic Defendants' Answer to          52          Case No. 20-cv-2454- L-KSC
Plaintiffs' Third Amended Complaint

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 27, 2023, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

Dated:  June 27, 2023          By s/ Dana M. Keene