UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF CARLOS ESCOBAR MEJIA et al., | Case No.: 20-cv-2454-L-KSC |
| Plaintiffs, | **ORDER GRANTING IN PART JOINT MOTION TO AMEND / MODIFY SCHEDULING ORDER [Doc. No. 93] AND AMENDED SCHEDULING ORDER** |
| v. | |
| THE UNITED STATES OF AMERICA et al., | |
| Defendants. | |

The parties to this action have moved to amend the operative Scheduling Order. Doc. No. 93. A scheduling order may not be modified without a showing of good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the part[ies] seeking amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Finally, Civil Local Rule 16.1(b) unambiguously obliges counsel appearing before this Court to "proceed with diligence to take all steps necessary to bring an action to readiness for trial."

The Court denied a previous request to amend the Scheduling Order because the parties had been dilatory rather than diligent. *See* Doc. No. 81. The parties thereafter prioritized taking discovery with (barely) enough diligence to warrant a short continuance

20-cv-2454-L-KSC

of the Scheduling Order. *See* Doc. No. 84. The parties now represent they have been diligent in pursuing discovery within the time frame allotted by the Court. *See* Doc. No. 93 at 5. But the parties' Joint Motion indicates they have done nothing more than some prefatory document requests, many of which had already been served before the last status conference. *See id.* at 5-6. Discovery has been open in this case since (at the latest) October 20, 2022. *See* Doc. No. 65 at 6. The parties' collective failure to complete more than initial written discovery and take even a single deposition in the last *eight months* falls far short of the diligence required under Rule 16 and controlling case law.

At the same time, plaintiffs filed an amended complaint on June 9, 2023, which adds new defendants who have not yet appeared in this action. *See* Doc. Nos. 92; 93 at 5, 7. None of the parties have had any opportunity to take discovery vis-à-vis the newly added defendants. *See* Doc. No. 93 at 7.  It would accordingly be prejudicial in the extreme to the new defendants to deny the parties' Joint Motion. Good cause appearing with respect to the naming of additional parties, the Court **GRANTS** the Joint Motion **IN PART**. The new Scheduling Order dates are as follows:

| Event | Deadline/Date |
| --- | --- |
| Mandatory Settlement Conference | 10/23/23 |
| Mandatory Settlement Conference Briefs | 10/16/23 |
| Fact Discovery Cutoff | 11/30/2023 |
| Expert Witness Designations | 11/30/2023 |
| Rebuttal Expert Designations | 12/14/23 |
| Exchange of Expert Reports | 1/4/24 |
| Exchange of Rebuttal Reports | 2/1/24 |
| Expert Discovery Cutoff | 3/1/24 |
| Pre-trial Motion Filing Cutoff | 4/5/24 |
| Pretrial Disclosures | 7/8/24 |
| Meeting of Counsel Pursuant to Civ. L.R. 16.1(f)(4) | 7/15/24 |
| Proposed Pretrial Order Due from Plaintiff's Counsel | 7/22/24 |

20-cv-2454-L-KSC

| Proposed Final Pretrial Conference Order Lodging | 7/29/24 |
|---|---|
| Pretrial Conference | **8/5/24** at **11:00 a.m.** |

All other guidelines, deadlines, and requirements remain as previously set. The Court cautions the parties that, had the amended complaint not been filed, the Court would not have found good cause to amend the scheduling order. This Scheduling Order will not be further amended without a showing of good cause. Diligence in taking discovery is a necessary condition of showing good cause, but it is not per se sufficient.

Plaintiff is ordered to serve a copy of this Scheduling Order on any new parties who appear in the action.

**IT IS SO ORDERED**.

Dated:  June 28, 2023

Hon. Karen S. Crawford
United States Magistrate Judge

3

20-cv-2454-L-KSC